[Civ. No. 928. Fourth Appellate District.—May 19, 1932.]

EL CENTRO GRAIN COMPANY (a Corporation) et al., Appellants, v. BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a Corporation) et al., Respondents.

Harry W. Horton for Appellants.

Hickox & Trude for Respondents.

SCOVEL, J., *pro tem.*—This is an action wherein the plaintiffs seek to restrain foreclosure of a trust deed by defendants and asking the court for an accounting as to amounts paid upon the note secured by the deed of trust and sale of the property described in the deed of trust by a court commissioner. The case was tried upon an agreed statement of facts and submitted to the court for decision. Thereafter the court filed a document entitled "Directions for Findings and Judgment", wherein he stated that he thought the defendants were entitled to a stated amount upon the note and that he should appoint a commissioner to make the sale; that the defendants were entitled to judgment for the amount indicated; that the court appoint a commissioner to sell the property covered by the trust deed; that a period of sixty days be allowed for redemption and that further proceedings under the trust deed be permanently enjoined. Defendants' attorney was requested to draw findings. Before findings were prepared or judgment entered plaintiffs moved "to reopen the above entitled case for further proceedings and for the purpose of bringing in new and additional parties thereto, and filing the additional stipulation of facts served herewith". The motion was granted and the case reopened. Thereafter the court filed another document entitled "Memorandum De-

cision'' in which he stated that he was satisfied the court had no power to limit the period of redemption to less than one year on foreclosure of a trust deed by action in which the sale is made by a commissioner named by the court but that he did have power to allow a short period before sale in which to pay the amount due on the note; that judgment should be entered determining the amount due and allowing the plaintiffs thirty days within which to pay the same and decreeing that if such payments were not made within the time limited the injunction be dissolved and the sale proceed under the provisions of the trust deed. Counsel for defendants were requested to draw findings. Thereafter findings were waived and judgment was entered in accordance with the memorandum decision. From this judgment plaintiffs appeal, asserting that the judgment is erroneous for the reason that the court under the law had the right to allow any period for redemption after a sale by a court commissioner which in its judgment was reasonable and proper, not exceeding one year. That the judgment was given under a misapprehension as to the law and therefore erroneous.

Counsel's contention is based upon the directions for findings and judgment first filed by the court, wherein he stated that he thought a period of redemption should be given after a court sale and the memorandum decision wherein the court states that it felt it had no power to permit such redemption period. We do not feel that a determination of the question as to whether the court had such power is necessary to a decision of this appeal. The judgment, as actually signed and entered, is the final determination of the court. No question is raised but that the court under the pleadings and stipulation of facts had authority to enter such a judgment and that the judgment is supported by these facts.

Appellants contend that the directions for findings and judgment are a final decision by the court, findings of fact having been waived, and that the judgment should have followed such directions. The motion to reopen the case, however, was not only for the purpose of bringing in new parties, but also for further proceedings. When the case was reopened therefore it was reopened for all purposes and of necessity a new decision and judgment must have

been rendered. Assuming that the court did have power to prescribe a redemption period after court sale of less than one year, contrary to the opinion of the court as set forth in the memorandum decision, still the final judgment as actually entered cannot be impeached. ▮ An appellate court will not review the reasons which the trial court gave for its judgment or order. If the judgment or order in question is right upon any theory of law applicable to the case, it must be sustained, regardless of the considerations which may have moved the trial court to its conclusion. It is judicial action and not judicial reasoning which is the subject of review (2 Cal. Jur. 476).

In *Luman* v. *Golden Ancient Channel M. Co.*, 140 Cal. 700 [74 Pac. 307], the appellant attacked the findings contending that the theory upon which the conclusions therein were reached was erroneous as shown by the written opinion of the judge who tried the case. On page 704 the court states: "This opinion, of course, constitutes no part of the record, and, even if we were satisfied that the judge was in error in some of the views as to the law expressed therein, that fact would not avail plaintiff, for the findings of fact must stand or fall upon the evidence contained in the record."

In *DeCou* v. *Howell*, 190 Cal. 741 [214 Pac. 444, 448], the following very instructive language appears: "The law is definitely settled in this state by a long line of decisions that the opinion of the trial court is not a part of the record and cannot be considered by an appellate court as indicating what operated upon its mind in coming to a conclusion as to the ultimate facts of the case. It has been directly held that the opinion, though printed in the transcript, is no part of the record on appeal, and cannot be considered by the court in any manner or for any purpose. (Citing cases.) The deliberations of the court are conclusively merged in the judgment . . . To hold that oral or written opinions or expressions of judges of trial courts may be resorted to to overturn judgments would be to open the door to mischievous and vexatious practices. Neither a juror nor a judge is permitted to impeach his verdict or judgment."

We conclude that the judgment as actually entered must be sustained, even though the trial court might have been

in error as to his construction of the law upon which the judgment was based.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.