[No. A121594. First Dist., Div. Four. Nov. 21, 2008.]

CATHERINE LOUISE BRIGGS et al., Plaintiffs and Appellants, v. RESOLUTION REMEDIES et al., Defendants and Respondents.

## COUNSEL

Law Offices of Panos Lagos and Panos Lagos for Plaintiffs and Appellants.

Edrington, Schirmer & Murphy, Timothy P. Murphy and Dolores M. Donohoe for Defendant and Respondent.

## OPINION

**SEPULVEDA, J.**—Appellants Catherine Louise Briggs and Scott Briggs filed a petition for a writ of mandate (Code Civ. Proc., § 1085) to direct a private arbitrator to lift a stay he had imposed in the arbitration of a dispute concerning an uninsured motorist policy issued by GEICO General Insurance Company (GEICO). The trial court denied the petition, finding that the arbitrator did not err in issuing a stay. We conclude that the trial court lacked the authority to review a discretionary, prehearing order of an arbitrator, and we affirm the judgment on that basis.

### I.

#### FACTUAL AND PROCEDURAL BACKGROUND[1]

In August 2005, Ms. Briggs suffered injuries when an uninsured motorist rear-ended her while she was driving on work-related business in a company car provided to her by her employer. Although the accident took place while Ms. Briggs was acting in the scope of her employment, she declined to file a

---

[1] The following facts are taken from appellants' writ petition and the declarations and exhibits submitted to the trial court.

workers' compensation claim. The parties were not able to agree on whether GEICO had a duty to pay Ms. Briggs before there was a determination of her entitlement to workers' compensation benefits. On June 23, 2007, appellants demanded arbitration with GEICO.[2] The dispute was submitted to Resolution Remedies.

GEICO filed a motion to stay the arbitration, arguing that it was entitled to a stay until after Ms. Briggs pursued workers' compensation benefits pursuant to Insurance Code section 11580.2[3] and appellants' insurance policy with GEICO. Appellants opposed the motion. The arbitrator, Retired Judge Richard Breiner, granted the motion. He ruled that in light of the language of appellants' insurance policy and Insurance Code section 11580.2, GEICO was entitled to a stay of the arbitration until Ms. Briggs filed a workers' compensation claim. The arbitrator's order stated: "[I]f a court of competent jurisdiction orders me to vacate this Order, I will, of course, do so upon being so advised by both counsel."

On January 30, 2008, appellants filed a petition for a writ of mandate (Code Civ. Proc., § 1085). Judge Breiner and Resolution Remedies were listed as respondents to the writ petition,[4] and GEICO was listed as a "Real Party in

---

[2] The insurance contract between appellants and GEICO provides in part, "If any insured making claim under this policy and we do not agree that he is legally entitled to recover damages under this Coverage from the owner or operator of an uninsured/underinsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount payable, either party will have the right to demand arbitration. [¶] The matter(s) in dispute shall then be settled according to American Arbitration Association rules. One neutral arbitrator will conduct the arbitration." (Boldface omitted.) The provision is consistent with Insurance Code section 11580.2, subdivision (f), which provides that an uninsured motorist policy "shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. The arbitration shall be conducted by a single neutral arbitrator."

[3] The statute provides, in relevant part: "If the insured has or may have rights to benefits, other than nonoccupational disability benefits, under any workers' compensation law, the arbitrator shall not proceed with the arbitration until the insured's physical condition is stationary and ratable. In those cases in which the insured claims a permanent disability, the claims shall, unless good cause be shown, be adjudicated by award or settled by compromise and release before the arbitration may proceed." (Ins. Code, § 11580.2, subd. (f).)

[4] There is no proof of service in the record, so it is unclear whether Judge Breiner or Resolution Remedies were served with the petition. However, we assume that they had notice of the trial court proceedings, because they were served with various pleadings filed in connection with it. The trial court's order setting a briefing schedule on the writ petition (which was prepared by appellants' counsel) did not contemplate the arbitrator or Resolution Remedies filing briefs. Apparently neither party appeared in the proceeding, and they have not appeared in this appeal.

Interest."[5] Appellants alleged that they would be "severely prejudiced" if the court did not "immediately review" the decision to stay the arbitration proceedings. They sought a writ of mandate commanding Judge Breiner and Resolution Remedies to vacate the order granting GEICO's petition to stay the arbitration. Appellants also sought "a declaration that [their] automobile liability insurance policy with [GEICO] does not impose upon [them] the duty to make or otherwise open a workers' compensation claim to obtain the uninsured motorist benefits contracted for by them."

GEICO filed an opposition to the writ petition. It also demurred to the petition, arguing that there was no statutory authority for using mandamus power to direct a private arbitration organization or private arbitrator to set aside an order.

The trial court's tentative ruling stated that the petition for writ of mandate was denied, because the arbitrator properly stayed arbitration pursuant to Insurance Code section 11580.2 and the parties' insurance policy. At the hearing on the petition, GEICO's counsel asked how the trial court intended to rule on GEICO's demurrer challenging the court's jurisdiction. The trial court stated: "I meant to make that more clear. It is my tentative decision to deny the demur[rer]. I think that, adequately stated, is the basis for a writ procedure in this—this proceeding. I was satisfied they had, however, on the merits of the writ, the intent to deny it. . . . [¶] I'll modify the tentative ruling, the demur[rer] is denied."

The trial court filed a statement of decision on May 28, 2008. Appellants timely appealed from the subsequent judgment denying their petition for a writ of mandate.

## II.

### DISCUSSION

Appellants argue that neither Insurance Code section 11580.2 nor their insurance policy requires Ms. Briggs to seek workers' compensation benefits as a prerequisite to receiving uninsured motorist benefits from GEICO, and that the trial court therefore should have ordered the arbitrator to lift the stay he imposed. GEICO disagrees that appellants were entitled to a writ of

---

[5] If a petition for writ of mandate "names as respondent a judge, court, board, or other officer acting in a public capacity, it must disclose the name of any real party in interest." (Cal. Rules of Court, rule 8.490(b)(2).) Here, appellants sought a writ against a private arbitration service and a private arbitrator, not an officer acting in a public capacity. Although GEICO would have no doubt been permitted to intervene in this action had it sought to do so, there is nothing in the record to indicate that it ever sought to become a party.

mandate, and it also argues that the trial court lacked jurisdiction to consider using its mandamus power to overturn a private arbitrator's discretionary ruling. Because we agree that the trial court lacked jurisdiction to consider appellants' writ petition, we affirm the trial court's dismissal of the petition on that basis.

■ As a preliminary matter, we reject appellants' argument that this court may not consider GEICO's jurisdictional argument because GEICO failed to appeal from the trial court's denial of its demurrer. Jurisdictional issues are never waived and may be raised at any time. (*Consolidated Theatres, Inc. v. Theatrical Stage Employees Union* (1968) 69 Cal.2d 713, 721 [73 Cal.Rptr. 213, 447 P.2d 325]; *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 920 [12 Cal.Rptr.3d 159] [party may challenge for the first time on appeal trial court's authority to enter discovery orders and dismiss uninsured motorist arbitration proceeding]; *Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 896 [76 Cal.Rptr.2d 827] ["adequacy of the court's subject matter jurisdiction must be addressed whenever that issue comes to the court's attention"].)

■ "[A]rbitration pursuant to Insurance Code section 11580.2 is a form of contractual arbitration governed by the [California Arbitration Act]." (*Pilimai v. Farmers Ins. Exchange Co.* (2006) 39 Cal.4th 133, 141 [45 Cal.Rptr.3d 760, 137 P.3d 939].) "[A]ll disputes arising under the uninsured motorist coverage should be subject to decision by the arbitrator." (*Orpustan v. State Farm Mut. Auto. Ins. Co.* (1972) 7 Cal.3d 988, 991 [103 Cal.Rptr. 919, 500 P.2d 1119].) Once a dispute is submitted to arbitration, the CAA (California Arbitration Act) contemplates only limited, if any, judicial involvement. " 'Typically, those who enter into arbitration agreements expect that their dispute will be resolved without necessity for any contact with the courts.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) "It is the job of the arbitrator, not the court, to resolve all questions needed to determine the controversy. [Citation.] The arbitrator, and not the court, decides questions of procedure and discovery. [Citations.] It is also up to the arbitrator, and not the court, to grant relief for delay in bringing an arbitration to a resolution. [Citations.] As the court reasoned in *McRae* v. *Superior Court* [(1963) 221 Cal.App.2d 166,] 171 [34 Cal.Rptr. 346]: 'When it has been determined that arbitration should be pursued and all judicial proceedings have been suspended until completion of the arbitration, it would be wholly incompatible with established policies of the law to permit the court thereafter to intervene in, and necessarily to interfere with, the arbitration ordered. In large measure, it would not only preclude the parties from obtaining "an adjustment of their differences by a tribunal of their choosing," but it would also recreate the very "delays incident to a civil action" that the arbitration agreement was designed to avoid.' " (*Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487–488 [35 Cal.Rptr.2d 4], fns. omitted [trial court exceeded jurisdiction in ordering arbitration to

proceed under stated conditions].) That is especially true here, where the trial court apparently had no jurisdiction over the arbitration proceedings before appellants sought a writ of mandate, because the arbitration began without the need to seek a court order compelling arbitration. (Cf. *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796 [13 Cal.Rptr.2d 678] [once court grants petition to compel arbitration, action "sits in the twilight zone of abatement with the trial court retaining merely a vestigial jurisdiction over matters submitted to arbitration"].)

■ " '[A]n arbitration has a life of its own outside the judicial system.' [Citation.] The trial court may not step into a case submitted to arbitration and tell the arbitrator what to do and when to do it . . . ." (*Titan/Value Equities Group, Inc. v. Superior Court, supra*, 29 Cal.App.4th at p. 489.) Here, the trial court was asked to do just that. Even where an arbitrator has issued a final award (something that has not occurred here in light of the arbitrator's stay), there are limited grounds upon which to vacate the award. (Code Civ. Proc., § 1286.2.) The trial court may not set aside a final award even where it is based on mistakes of law. (*Moncharsh v. Heily & Blase, supra*, 3 Cal.4th at p. 28; see also *Porter v. Golden Eagle Ins. Co.* (1996) 43 Cal.App.4th 1282, 1287, 1290 [51 Cal.Rptr.2d 338] [errors of law in arbitrations conducted under uninsured motorist statute not subject to judicial review].) Here, the trial court conducted what amounted to a de novo review of an arbitrator's interlocutory order, something it had no statutory authority to review for any reason.[6] (*Finley v. Saturn of Roseville* (2004) 117 Cal.App.4th 1253, 1259–1260 [12 Cal.Rptr.3d 561] [trial court had no jurisdiction to entertain motion to compel review of arbitration award by second arbitrator].)

The trial court correctly declined to intervene in the arbitration, albeit for the wrong reasons. "It is judicial action and not judicial reasoning which is the subject of review . . . ." (*El Centro Grain Co. v. Bank of Italy, etc.* (1932) 123 Cal.App. 564, 567 [11 P.2d 650].) Because the court lacks subject matter jurisdiction to review the arbitrator's stay order, we need not consider appellants' various arguments that the trial court erred in denying them relief from that order.

---

[6] We recognize that Insurance Code section 11580.2, subdivision (f) commits discovery disputes in uninsured motorist arbitrations to the superior court. (*Miranda v. 21st Century Ins. Co., supra*, 117 Cal.App.4th at p. 923.) Appellants did not seek a resolution of a discovery dispute in the writ proceeding. They likewise did not rely on the statutory authority for limited judicial intervention in arbitration proceedings. (E.g., Code Civ. Proc., § 1281.6 [court may appoint arbitrator under certain circumstances]; *Bosworth v. Whitmore* (2006) 135 Cal.App.4th 536, 546–547 [37 Cal.Rptr.3d 560] [Code Civ. Proc., § 1283.8 authorizes trial court to fix deadline for completion of arbitration proceeding and for award rendered in order to prevent undue delay in completing arbitration].)

## III.

### DISPOSITION

The judgment is affirmed. Appellants and GEICO shall bear their own costs on appeal.

Ruvolo, P. J., and Reardon, J., concurred.

A petition for a rehearing was denied December 9, 2008, and appellants' petition for review by the Supreme Court was denied January 28, 2009, S169003. George, C. J., did not participate therein.