Filed 9/26/14  Cardinalli v. Cardinalli CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SAL J. CARDINALLI, | H039232 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. M117007) |
| v. | |
| JOHN T. CARDINALLI et al., | |
| Defendants and Respondents. | |

Appellant Sal J. Cardinalli brings this appeal of a judgment entered following the trial court's order sustaining respondents' demurrer to his first amended complaint without leave to amend.  Respondents are appellant's brothers, father, and the family trusts of his brothers and their wives.

### STATEMENT OF THE FACTS AND CASE

The instant case arises from a 10-year dispute between appellant and his brothers and other family members related to a family-owned business, Monterey Checker Transportation, Inc. (MTC).  Appellant filed his first suit in 2004 against his brothers asserting causes of action for declaratory relief, accounting, fraud, partition of real property, breach of fiduciary obligations owed by majority shareholders to minority shareholders, unjust enrichment, and breach of oral contract.

Following trial in the 2004 case, the court found that appellant was entitled to a liquidated amount of 25 percent of MTC. This resulted in a judgment in favor of appellant in the amount of $283,750 against MTC.[1]

On May 20, 2011, MTC filed for Chapter 11 bankruptcy reorganization. Appellant filed a motion to dismiss the bankruptcy as fraudulent, and a petition to determine dischargeability. The bankruptcy court denied both of appellant's motions.

Appellant filed the current state court action in 2012, alleging 11 causes of action against the same defendants from his 2004 complaint. The claims in the complaint relate to his allegation that MTC fraudulently filed for bankruptcy in order to prevent him from collecting his judgment from the 2004 action. These claims are conspiracy to defraud, intentional interference with economic expectancy, intentional infliction of mental and emotional distress, fraudulent conveyance, partition of real property, unpaid rents, unfair competition, declaratory relief, unjust enrichment, injunctive relief, and appointment of a receiver.

Respondents demurred to the complaint on the ground that the claims asserted therein are subject to the jurisdiction of the bankruptcy court. The court sustained respondents' demurrer to the complaint without leave to amend as to all of the causes of action except the claim for conspiracy to defraud, to which the court sustained the demurrer with leave to amend.

Following the court's sustaining the demurrer to the complaint, appellant filed a request for reconsideration on July 24, 2012. This was two weeks before the court's order sustaining the demurrer was filed on August 7, 2012.

Appellant filed his first amended complaint on August 7, 2012. While the court only granted leave to amend the first cause of action for conspiracy to defraud, appellant

---

[1] The judgment of the trial court was affirmed by this court in *Cardinalli v. Cardinalli, et al.* (Dec. 21, 2010, H032309) [nonpub. opn.].

re-alleged causes of action from the original complaint for: intentional interference with economic expectancy, fraudulent conveyance, partition of real property, and claim for unpaid reasonable rental value of property.

Respondents demurred to the first amended complaint. In his opposition to the demurrer, appellant asked the court to take judicial notice of his request for reconsideration of the court's ruling on the demurrer to the complaint.

On October 26, 2012, appellant asked that the court to rule on his request for reconsideration before proceeding on the demurrer to the first amended complaint. The court continued the matter to November 9, 2012 for the review of both the demurrer and the request for reconsideration.

At the hearing on November 9, 2012, the court denied appellant's request for reconsideration because appellant failed to properly file the request as a noticed motion. In addition, the court sustained respondents' demurrer to the first amended complaint without leave to amend on the ground that the lawsuit was subject to the jurisdiction of the bankruptcy court. The court stated: "The bankruptcy court has exclusive jurisdiction to determine whether MCT's bankruptcy petition was filed in bad faith after the defendants, allegedly, fraudulently transferred these assets to their other clients." The court also noted that appellant brought a motion in bankruptcy court to dismiss the bankruptcy proceedings on the grounds of fraud and bad faith, and having been unsuccessful, was seeking to assert the same grounds for relief in state court.

On December 14, 2012, appellant filed a complaint in federal district court alleging many of the same causes of action as he alleged in the 2012 state court action. Appellant named the Monterey County Superior Court and the United States Bankruptcy Court as defendants in addition to the original defendants in the state court action. Respondents have filed a motion to dismiss the federal action.

3

Following the trial court's sustaining the demurrer to the first amended complaint in the 2012 action without leave to amend, the parties stipulated to an order of dismissal, and appellant filed a notice of appeal.

## DISCUSSION

Appellant asserts the trial court erred in sustaining the demurrer to the first amended complaint without leave to amend, and in summarily denying his request for reconsideration of the demurrer to the original complaint.

### *Demurrer to the First Amended Complaint*

On appeal from an order sustaining a demurrer, "we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory, such facts being assumed true for this purpose." (*McCall v. PacifiCare of Cal., Inc*. (2001) 25 Cal.4th 412, 415.) On appeal, "the plaintiff bears the burden of demonstrating that the trial court erred" in sustaining the demurrer. (*Cantu v. Resolution Trust Corp*. (1992) 4 Cal.App.4th 857, 879.)

"If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "As a general rule, if there is a reasonable possibility the defect in the complaint could be cured by amendment, it is an abuse of discretion to sustain a demurrer without leave to amend." (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 459.) "Nevertheless, where the nature of the plaintiff's claim is clear, and under substantive law no liability exists, a court should deny leave to amend because no amendment could change the result." (*Ibid.*)

4

Here, respondents argue the demurrer was properly sustained without leave to amend because the claims contained in the First Amended Complaint are subject to the jurisdiction of the bankruptcy court. (See, e.g., *Gonzalez v. Parks* (9th Cir.1987) 830 F.2d 1033, 1035-1036.) In *Gonzalez,* the court stated: "That Congress' grant to the federal courts of exclusive jurisdiction over bankruptcy petitions precludes collateral attacks on such petitions in state courts is supported by the fact that remedies have been made available in the federal courts to creditors who believe that a filing is frivolous. Debtors filing bankruptcy petitions are subject to a requirement of good faith, [citation] and violations of that requirement can result in the imposition of sanctions, [citations]. Congress' authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties, including the kind of substantial damage awards that might be available in state court tort suits. Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy. In any event, it is for Congress and the federal courts, not the state courts, to decide what incentive and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized." (*Ibid.*, fn. omitted.)

The concept of federal preemption of bankruptcy-related claims was applied in *Idell v. Goodman* (1990) 224 Cal.App.3d 262, 266. In *Idell*, the court stated: "The existence of federal sanctions for the filing of frivolous and malicious bankruptcy pleadings must be read as an implicit rejection of state court remedies. The mere possibility of being sued in tort in state court, with the potential for substantial damage awards, could deter persons from exercising their rights in bankruptcy. Thus, it is for Congress and the federal courts, not state courts, to decide what incentives and penalties shall be utilized in the bankruptcy process." (*Id.* at p. 271.)

The same principles were applied in *Saks v. Parilla, Hubbard & Militzok* (1998) 67 Cal.App.4th 565, which questioned whether an adversary proceeding in bankruptcy court was initiated for an improper purpose. The state court found that "[p]arties may not avail themselves of state court tort remedies to circumvent federal remedies for their opponents' alleged misuse of the bankruptcy process." (*Id.* at p. 573-574.) It further concluded that the state court action was preempted by the Bankruptcy Code. (*Ibid.*)

The cases discussed above generally involve claims of malicious prosecution or abuse of process, but the principles expressed in them are equally applicable to this case where the gravamen of appellant's complaint is that respondents liquidated MTC and filed for bankruptcy in order to prevent him from collecting the money judgment from the 2004 case. Here, appellant is a creditor to MTC, a debtor in bankruptcy. Therefore, his allegations in the first (conspiracy to defraud), second (intentional interference with economic expectancy), third (intentional infliction of mental and emotional distress), fourth (fraudulent conveyance), seventh (unfair competition), eighth (declaratory relief), ninth (unjust enrichment), tenth (injunctive relief), and eleventh[2] (appointment of receiver) causes of action that relate to bad faith and fraud associated with MTC's filing of bankruptcy are within the exclusive jurisdiction of the bankruptcy court. The demurrer to these claims was properly sustained without leave to amend.

### Partition of Real Property Claim

In the first amended complaint, appellant requests partition of real property located at 623 Olympia Avenue in Seaside, California in which he is a 25 percent owner along with respondents John Cardinalli, Sr., John Cardinalli, Jr., and Steve Cardinalli.

In appellants' 2004 case, the court denied appellant's request to partition this real property, because not all of the owners were parties to the action. Specifically missing from the complaint was appellant's father, John Cardinalli, Sr. as a defendant. In the first

---

[2] The numbers for the claims are from the original complaint.

6

amended complaint, appellant alleges: "[A]t the conclusion of the trial in that case, the Court inquired if he [John Cardinalli, Sr.] would consent to be joined in the partition action. John, Sr. declined to be joined and the Court then dismissed the partition cause of action without prejudice on the grounds that the necessary or indispensable parties were not before the Court."

The first amended complaint includes all the owners of the property as defendants, and properly alleges facts sufficient to state a cause of action for partition. (Code of Civ. Proc., §§ 872.010, et seq.) Therefore, the court erred in sustaining the demurrer to this claim.

### *Claim for Rents Due*

In the first amended complaint, appellant alleges respondents owe him unpaid rent from the real property referred to in the partition claim. However, appellant previously alleged a claim for rents due in his 2004 case. This claim was fully adjudicated when the court found after trial that: "The testimony and evidence presented at trial established that plaintiff had a 25% interest in 623 Olympia Avenue and he did not produce any evidence of ownership in any other property that was at issue in the case. Nor did the evidence establish any lost rents from the property at issue."

The claim of rents due in the first amended complaint is barred by the principles of res judicata, because it was previously asserted and fully litigated in the 2004 case, resulting in a final judgment on the merits.

California employs the primary rights theory to determine if two successive proceedings involve the same cause of action for the purpose of res judicata. (*Slater v. Blackwood* (1975) 15 Cal.3d 791, 795 (*Slater*).) Under the primary rights theory, "the invasion of one primary right gives rise to a single cause of action. [Citations.]" (*Ibid*.) " '[A] cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done

7

by the defendant which consists in a breach of such primary right and duty. . . .' " (*Acuña v. Regents of University of California* (1997) 56 Cal.App.4th 639, 648.) The existence of a cause of action "is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." (*Slater, supra,* 15 Cal.3d at p. 795.)

Here, the same primary right to past rent due on the Seaside property, based on the same core facts was alleged and litigated in the 2004. Therefore, appellant cannot now re-allege this claim in the first amended complaint. The trial court properly sustained the demurrer without leave to amend as to this claim.

### *Request for Reconsideration of the Demurrer to the Original Complaint*

Here, the court summarily denied appellant's application for reconsideration of the demurrer because appellant did not satisfy the procedural requirements of a noticed motion.

On appeal, we only consider the fact that the court denied application. The court's reasoning is not a matter for our review. (*Davey v. Southern Pac. Co.* (1897) 116 Cal. 325, 329.) It is judicial action not judicial reasoning which is the proper subject of appellate review. (*El Centro Grain Co. v. Bank of Italy, Etc.* (1932) 123 Cal.App. 564, 567.) Moreover, we review the court's order on the motion for reconsideration for an abuse of discretion. (*Lucas v. Santa Maria Public Airport Dist.* (1995) 39 Cal.App.4th 1017, 1027.)

To prevail on a motion for reconsideration, the moving party must not only introduce some fact or circumstance not previously considered, but must also provide a satisfactory explanation for failing to present the information at the first hearing. (Code of Civ. Proc., § 1008; *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690.) A motion for reconsideration is properly denied if it is based on evidence that could have been presented in connection with the original motion. (*Hennigan v. White* (2011) 199 Cal.App.4th 395, 406.)

8

Here, appellant presented no new evidence or circumstances that would support reconsideration of the demurrer to the original complaint; rather, he argued the court was wrong and committed error in sustaining the demurrer.  This is not grounds for a motion for reconsideration.  The court did not err in denying the application.

**DISPOSITION**

The order sustaining the demurrer to the first amended complaint without leave to amend is reversed. Respondents are ordered to answer the first amended complaint on the cause of action for partition of real property.

_____

RUSHING, P.J.

WE CONCUR:

_____

PREMO, J.

_____

ELIA, J.