[Civ. No. 57161. Second Dist., Div. One. Mar. 28, 1980.]

LYN T. LOCKHART-MUMMERY, Plaintiff and Appellant, v.
KAISER FOUNDATION HOSPITALS,
Defendant and Respondent.

**COUNSEL**

Samuel Shore and William B. Anderson for Plaintiff and Appellant.

Thelen, Marrin, Johnson & Bridges, Curtis A. Cole and Rebecca A. Lewis for Defendant and Respondent.

OPINION

**MARSHALL, J.**\*—This appeal is from the order of November 1, 1978, dismissing the complaint and arbitration proceeding.

### FACTS

The complaint was filed by appellant in superior court on June 1, 1973. Respondent sought a stipulation to stay the action pending arbitration but appellant did not consent. Respondent then moved to stay the action and compel arbitration and, over the opposition of the appellant, the motion was granted by Commissioner Gorenfeld on September 19, 1973. At the time of the hearing, respondent advised appellant in writing that it had appointed its arbitrator and paid its portion of the arbitration fee.

Respondent served interrogatories on appellant on March 18, 1974. Appellant refused to provide answers until an arbitrator was selected. Respondent informed appellant that the latter had not as yet appointed an arbitrator and that until he (appellant) does, the third neutral arbitrator could not be designated.

Three years elapsed from the date of filing the complaint without appellant attending to the appointment, payment of his portion of the arbitrator's fee or answering interrogatories. Despite such inaction, appellant served, on June 14, 1976, two sets of interrogatories on respondent in the superior court action. Respondent then moved to dismiss both the action and the arbitration proceedings (filed July 6, 1976). On August 18, 1976, Commissioner Gorenfeld denied the motion without prejudice to its later renewal. Appellant appointed an arbitrator on September 23, 1976.

Thereafter, Hon. Richard Fildew was chosen as neutral arbitrator. Appellant did not pay his portion of the arbitrator's fee until May 1977. On May 30, 1978, the respondent asked Judge Fildew what procedure to follow to renew its motion to dismiss. A copy of the letter was sent to appellant for his comments but none were forthcoming. Judge Fildew advised respondent to make a motion in superior court and pursuant thereto, respondent filed a second motion on July 27, 1978 to dismiss in

---

\*Assigned by the Chairperson of the Judicial Council.

superior court. This motion was granted on September 19, 1978. The appeal followed.

Appellant made no comment concerning the propriety of the motion to dismiss before a superior court judge until his opening brief.

## CONTENTIONS

*Appellant contends:*

1.   The failure of the neutral arbitrator to appoint a time and place for the hearing after May 1977 (when the fee for the third arbitrator was deposited) was the cause of the delay following which respondent moved to dismiss (motion filed on July 27, 1978).

2.   The superior court lacked jurisdiction to dismiss because the case is only three and one-half months old, it having been stayed on September 19, 1973 in order to proceed in arbitration.

3.   The trial court does not have the power to dismiss a case in arbitration for lack of diligence in proceeding with the matter; only the arbitrators have such power.

*Respondent contends:*

1.   The arbitration agreement requires that the appellant proceed with "reasonable diligence" and having failed to do so, the arbitration proceeding is properly dismissed.

2.   Appellant failed timely to comply with the order compelling arbitration and dismissal is therefore the appropriate sanction for such failure.

3.   Code of Civil Procedure section 583, subdivision (b) is applicable to arbitration proceedings.

## DISCUSSION

## I

The arbitration agreement between the parties provides that within 30 days after initial service (of the claim) on the respondent,

each party "shall" designate an arbitrator and deposit the arbitrator's fee. Within 30 days of such designation, the two arbitrators "shall" select a neutral arbitrator and the three arbitrators "shall" hold a hearing "within a reasonable time thereafter." (Par. B, 1971 amend.)

Paragraph C of the agreement provides that "...A claim shall be waived or forever barred if (1) on the date notice thereof is received the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the other acts required of Claimant herein are not performed as prescribed herein, or (3) the Claimant fails to pursue the arbitration claim with reasonable diligence...."

Appellant's activities during these proceedings cannot measure up to any standard of "reasonable diligence," as is required in the arbitration agreement. He refused to name his party arbitrator and to deposit the necessary arbitration fee for three years. He did not answer interrogatories propounded by respondents. His alleged reason for his delays was that he could not locate one of the doctors involved because the doctor changed his name.[1] Such an excuse can scarcely justify the failure to take the first few steps in an arbitration proceeding for four years.

A precise contractual or judicial definition of "reasonable diligence," need not be delineated to perceive that appellant's claim should be barred because of his delay. While the reason for the one-year delay after the neutral arbitrator was finally appointed is unclear, appellant had the duty at all stages of the proceedings "to use due diligence to expedite his case." (*Martin* v. *Cook* (1977) 68 Cal.App.3d 799, 808 [137 Cal.Rptr. 434].) Appellant cannot in any case contend that he is being deprived of his day in court because of the neutral arbitrator's failure to set up a hearing, when appellant has been solely responsible for a three-year delay before the appointment of the third arbitrator.

As for the applicability of the statute of limitations to arbitration proceedings, Martin Domke, a leading writer in the field of arbitration law, has this to say in his volume entitled Commercial Arbitration: "The application of the statute of limitations by the arbitrators is neces-

---

[1]The doctor was deposed by appellant on June 27, 1977, a year before the five-year period elapsed. What efforts were made to locate him and what inquiry was made of state and county medical authorities were not revealed.

sary because of the practical consequences which would arise if they were not required to abide by the statute. It is conceivable that by agreeing to submit all controversies to arbitration a defendant might be held answerable for a claim accruing twenty years prior to the commencement of the arbitration proceedings. This would encourage the institution of fraudulent and stale claims, when all witnesses were dead, all proper documents lost, and most facts obscured by lapse of time and memory. Furthermore, if the arbitrators are not bound by the statute of limitations, the contracting parties in effect would be agreeing to waive their rights to the statute at the inception of the contract. This is contrary to public policy and would probably be considered invalid in the majority of jurisdictions." (Pp. 186-187.)

Code of Civil Procedure section 583, subdivision (b) provides that an action must (*Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466]) be dismissed if not brought to trial within five years after the plaintiff has filed his action. This dismissal occurred on September 19, 1978, more than five years after the filing of the complaint. Where some standard must be set up to prevent matters from maundering about for unlimited periods, surely the time-tested series of limitations (contained in the Code of Civil Procedure) prescribed by the Legislature for lawsuits, are well founded in common sense and practicality and should be applied in arbitration proceedings. The cases cited by appellant indicate exceptions to the rule, none of which apply here. Section 583, subdivision (b) is applicable to judicial arbitrations and should be applicable here as well. In any case, whether applicable or not, "reasonable diligence" required by the arbitration agreement has not been demonstrated by appellant.

■ The arbitration order did not toll the statute of limitations. The entire period from date of filing the complaint should be the measuring rod and, if in excess of five years, the complaint should be dismissed under Code of Civil Procedure section 583, subdivision (b). (Cf. *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650] where after return to court from arbitration, appellant did nothing to advance the matter in the six and one-half months left of the five-year period.)[2]

---

[2]Assuming that rule 1601 (d), California Rules of Court, has retroactive effect, if the matter has been in arbitration over four and one-half years, the time that the action has been pending on the arbitration hearing list is not to be included in computing the time periods specified in Code of Civil Procedure section 583. As this matter was never placed on the hearing list, there is no time to be deducted.

Appellant cites *Marcus* v. *Superior Court* (1977) 75 Cal.App.3d 204 [141 Cal.Rptr. 890] as authority for the proposition that once an order is obtained staying an action to permit arbitration, the five-year period cannot expire. The facts of *Marcus*, however, are substantially different. Those parties in that case who requested a stay were not privy to the arbitration agreement. They were individual defendants sued together with a corporation. It was the corporation which was in arbitration with the appellant. The appellant opposed the stay which was requested by the individual defendants because he feared that five-year period would expire as to the individuals. The stay was granted because it was impossible or impracticable for the individual defendants to proceed to trial before the arbitration between the corporate defendant and appellant was concluded. The question of unreasonable delay by appellant, the issue here, is not raised in *Marcus*.

In another case upon which appellant relies, *Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513, 524 [152 Cal.Rptr. 628], the court refused to dismiss pursuant to section 583, subdivision (b) because the arbitration administrator took "an extraordinary amount of time to provide a list of prospective arbitrators," a task which consumed over six months leaving only a few months before the expiration of the five-year period. This made it impossible to proceed with arbitration and to conduct a trial before the lapse of the five years. The instant case is readily distinguished. Here, the greater part of the five-year period was consumed by the appellant's inaction. In the last year of the five-year period, after appellant paid his part of the arbitrator's fee, appellant again lapsed into silence.

Impossibility in this case only occurred because appellant did nothing to achieve an expeditious hearing and trial. As observed in *Martin* v. *Cook, supra*, 68 Cal.App.3d 799, 806-807 [137 Cal.Rptr. 434], appellant has a duty to expedite trial of his case. Behind the rules requiring dismissal is "the general policy of the law requiring that courts of this state must not be called upon to enforce rights unless there is timely prosecution on the part of those claiming them." That "general policy of the law" should encompass arbitration proceedings. In *Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682 [91 Cal.Rptr. 908], cited by appellant, the court failed to reset for trial expeditiously after a Code of Civil Procedure section 170.6 challenge of the trial judge. A motion by plaintiff to advance the new trial date, which had been set beyond the five-year period, was denied. As a result, the five years expired. In the instant

case, appellant could have appointed an arbitrator but did nothing for three years. He also could have sought an expedited hearing as in *Nail.*

## II

As for the jurisdiction of the court to dismiss an action wherein arbitration proceedings are pending, we find support for the exercise of such authority in *Kaplan* v. *Eldorado Ins. Co.* (1976) 55 Cal.App.3d 587, 591 [127 Cal.Rptr. 699]. During arbitration proceedings in *Kaplan*, the plaintiff failed to comply with discovery orders issued by the court. The court thereupon ordered the dismissal of the arbitration matter.

Therefore, if during arbitration, the courts have jurisdiction to dismiss for refusal of discovery it also should be empowered to dismiss where there has been no exercise of reasonable diligence by appellant. To hold otherwise, would place a defendant in an untenable position as it would be unable, without the appointment of appellant's arbitrator, to move the litigation along nor could it seek dismissal despite the passage of three years of inaction.

As appellant could otherwise stall the arbitration proceedings ad infinitum without fear of sanctions, respondents had no other choice but to move the court to dismiss the complaint as well as the arbitration. Furthermore, respondent should not be exposed to the harm to its case from the dimming memories of its witnesses who have waited for five years for an opportunity to testify, in vain.

All of this finds the court unsympathetic to the contention of appellant that he had been deprived of his day in court. The court must point out that such deprivation was caused by his own lack of reasonable diligence. Appellant has not sustained his burden of showing proof that the trial court abused its discretion in dismissing the action and arbitration. (*Kaplan* v. *Eldorado Ins. Co., supra,* 55 Cal.App.3d 587, 593.)

### DISPOSITION

Judgment affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied April 24, 1980, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1980.