Filed 10/26/20  Zazueta v. Imperial Heights Healthcare etc. CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ANA ZAZUETA et al., | D075879 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. ECU09818) |
| IMPERIAL HEIGHTS HEALTHCARE & WELLNESS CENTRE, LLC, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Imperial County, L. Brooks Anderholt and Jeffrey B. Jones, Judges.  Reversed with directions.

Wood, Smith, Henning & Berman, Wyeth E. Burrows, Nicholas M. Gedo, and Marilyn R. Victor, for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

Plaintiffs Ana Zazueta, Fernando Hodgers, and Oscar Hodgers (collectively, plaintiffs) sued defendant Imperial Heights Healthcare & Wellness Centre, LLC (Imperial Heights) for wrongful death, negligence, and elder abuse after their mother died at a care facility owned and operated by Imperial Heights.  Imperial Heights petitioned to compel arbitration based on

a contractual arbitration agreement. Plaintiffs did not oppose, and the trial court granted the petition. Later, plaintiffs moved the court "to restore [the] case to [the] civil active list and set trial dates" based on Imperial Heights's alleged unwillingness to participate in arbitration. Imperial Heights opposed. The trial court granted the motion and rejected Imperial Heights's subsequent attempts to vacate or change the order.

Imperial Heights appeals. It argues the trial court erred by granting the motion because it did not have the power to reinstate the civil action based on Imperial Heights's alleged unwillingness to participate in arbitration. We agree and reverse.

FACTUAL AND PROCEDURAL BACKGROUND

As noted, in response to plaintiffs' complaint, Imperial Heights petitioned to compel arbitration. Plaintiffs did not oppose, and the trial court granted the petition. It appears the parties repeatedly discussed the possibility of mediation, and little progress was made to move the dispute toward an arbitration hearing.

More than a year after the order compelling arbitration, plaintiffs filed their "motion to restore [the] case to [the] civil active list and set trial dates." They argued that Imperial Heights had waived its right to arbitrate the dispute by "fail[ing] to engage and participate" in its resolution. In a supporting declaration, plaintiffs' counsel explained that following the order compelling arbitration he had several conversations with Imperial Heights's counsel about the possibility of mediation. They selected a mediator and exchanged tentative dates. Imperial Heights then retained new counsel. After several months, Imperial Heights's new counsel agreed that the mediator was still acceptable. Dates were confirmed and then cancelled. The

2

mediation was never completed. According to plaintiffs' counsel, Imperial Heights's counsel eventually stopped returning telephone calls.

Imperial Heights opposed the motion. It argued that it had "engaged in ongoing efforts to select an arbitrator and set this matter for arbitration." It maintained that it had not waived the right to arbitrate because it "took affirmative steps to implement the process and has demonstrated an ongoing intent to arbitrate." In a declaration, Imperial Heights's counsel stated that, two weeks before plaintiffs' motion was filed, it contacted an arbitration provider to initiate the process of scheduling an arbitration. Imperial Heights then completed and returned a demand for arbitration. The provider circulated a list of proposed arbitrators. Imperial Heights's counsel noted, "Upon information and belief, Plaintiffs' counsel has made no independent efforts to coordinate an arbitration hearing as of the date of this writing."

The trial court held a hearing on plaintiffs' motion, but because of a calendaring and coverage mistake Imperial Heights's counsel did not appear. The court stated its intention to continue the hearing for 60 days to allow the parties to arbitrate the dispute, but after hearing argument it decided to restore the matter to the civil active list. It set a trial date six months in the future.

Imperial Heights filed an ex parte application seeking relief from the court's order based on its counsel's coverage mistake and failure to appear. The court agreed that counsel's failure to appear was due to mistake, inadvertence, or excusable neglect. But it found that Imperial Heights had not shown the outcome of the hearing would have been different if its counsel had attended. It therefore denied the motion.

Imperial Heights moved for reconsideration or, in the alternative, relief from the order based on mistake or inadvertence. It again argued that its

failure to appear at the hearing was based on a coverage mistake. It contended that the outcome of the hearing would have been different because it would have demonstrated that it did not delay in pursuing arbitration and took affirmative steps to begin the arbitration process. It asserted, "Plaintiffs have never called or written to defense counsel, much less on an ongoing basis, in order to move this matter forward toward arbitration." It further argued that plaintiffs' motion was inconsistent with the public policy in favor of arbitration and Imperial Heights "should not have to forego its right to a legally binding contractual right to arbitration because of an inadvertent mistake by [its] counsel."

At the hearing on Imperial Heights's motion, the court found that Imperial Heights had offered nothing new that would support reconsideration. But, the court explained, "since the parties are here and it all appears to be in front of the [c]ourt, I'm willing to reconsider my order." On reconsideration, the court again found that Imperial Heights had waived the right to arbitrate because it had not engaged in "any diligent or ongoing efforts to coordinate arbitration."

Imperial Heights appealed. Shortly before its opening brief was due, Imperial Heights filed a joint stipulation and proposed order disposing of the appeal. The parties explained that they "wish to avoid the delay and return the case to the arbitration forum." Imperial Heights agreed to dismiss the appeal, and plaintiffs agreed to pursue their claims in arbitration. They asked this court to remand the matter to the trial court with directions to vacate its order restoring the case to the civil active list and to reinstate its order compelling arbitration. This court denied the parties' request. (See Code Civ. Proc., § 128, subd. (a)(8); further statutory references are to the Code of Civil Procedure.)

4

DISCUSSION

I

*Appealability*

In every appeal, this court must be satisfied it has appellate jurisdiction. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222.) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688, 696.) We requested that the parties address appealability in their respective appellate briefs.[1]

Imperial Heights contends the order restoring the case to the civil active list is appealable under section 1294, subdivision (a), which provides that an order dismissing or denying a petition to compel arbitration is appealable. It relies primarily on *Henry v. Alcove Investment, Inc.* (1991) 233 Cal.App.3d 94 (*Henry*). In that case, the plaintiff filed suit in civil court, and the defendant separately initiated an arbitration proceeding. (*Id.* at pp. 97-98.) The plaintiff brought a motion to stay the arbitration, which the trial court granted. (*Id.* at p. 98.) On appeal, the reviewing court held that such an order was appealable under section 1294 because it was the functional equivalent of an order refusing to compel arbitration. (*Henry*, at p. 99.) "An order refusing to compel arbitration, if not reviewed immediately, would significantly delay arbitration and defeat its purpose. The order would

---

[1] Plaintiffs have not filed a respondents' brief. When a respondent fails to file a brief, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).) The appellant "still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the record and reverse only if prejudicial error is found.'" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.)

force the party seeking arbitration to proceed with a potentially lengthy and costly trial and, if dissatisfied with the result, appeal from the final judgment. [Citation.] By the time the Court of Appeal overturned the trial court's order, the value of the right to arbitrate would be significantly diminished by the delay and expense of litigation." (*Id*. at pp. 99-100.) *Henry* explained, "[A]n order staying arbitration is merely the flip side of an order refusing to compel arbitration and should be treated the same for purposes of appellate review." (*Id*. at p. 100; accord, *Schimmel v. Levin* (2011) 195 Cal.App.4th 81, 86.)

In *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 655 (*MKJA*), this court followed *Henry* and held that an order lifting a stay of litigation and declaring an arbitration provision unenforceable was appealable. We explained, "As in *Henry*, if the trial court's order were not appealable, [defendant] would be forced to proceed with litigation to a final judgment, and its alleged right to arbitrate would thus be frustrated." (*Ibid*.) Later, this court relied on *Henry* and related authorities to conclude that "when an order delays or otherwise interferes with arbitration, it is the functional equivalent of an order denying arbitration and appealable under section 1294, subdivision (a)." (*Lawson v. ZB, N.A.* (2017) 18 Cal.App.5th 705, 714 (*Lawson*), affd. on other grounds *sub nom. ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175.)

*Gastelum v. Remax Internat., Inc.* (2016) 244 Cal.App.4th 1016, 1022-1023 distinguished *Henry* and found that an order lifting the litigation stay was not appealable under the circumstances presented there. In *Gastelum*, a dispute was ordered to arbitration, but the arbitration provider terminated the arbitration proceeding because the defendant did not pay the required arbitration fees. (*Id*. at pp. 1021-1022.) Plaintiff then filed a motion to lift

6

the litigation stay, which the trial court granted. (*Id*. at p. 1021.) Defendant appealed, but the reviewing court held that the order was not appealable. The court emphasized "there is no pending arbitration. Nor has either defendant filed a petition or motion to compel the [arbitration provider] to reopen arbitral proceedings." (*Id*. at p. 1022.) It therefore dismissed the appeal. (*Id*. at p. 1024.)

Here, unlike *Gastelum*, an arbitration proceeding was pending, and arbitration remained a viable forum to resolve the parties' dispute. The order restoring the case to the civil active list and setting a trial date was premised on Imperial Heights's alleged waiver of the right to arbitrate, and it effectively displaced the pending arbitration proceeding. If the order were not immediately appealable, it would force Imperial Heights to proceed with potentially costly litigation and a later appeal, thereby defeating the purpose of arbitration. (See *MKJA*, *supra*, 191 Cal.App.4th at p. 655; *Henry*, *supra*, 233 Cal.App.3d at pp. 99-100.) The order was functionally equivalent to an order denying a petition to compel arbitration and is therefore appealable under section 1294, subdivision (a). (See *Lawson*, *supra*, 18 Cal.App.5th at p. 714.)

II

*Motion to Restore*

On the merits, Imperial Heights contends the trial court erred because it lacked jurisdiction to restore the case to the civil active list and set trial dates. Imperial Heights did not make this argument in the trial court. However, because it presents a pure legal issue, and in light of the parties' proposed stipulated reversal, we exercise our discretion to consider it. (See *In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 510-511; *Sheller v. Superior*

7

*Court* (2008) 158 Cal.App.4th 1697, 1709; *Blake v. Ecker* (2001) 93 Cal.App.4th 728, 738, fn. 9 (*Blake*).)

"Title 9 of the Code of Civil Procedure, as enacted and periodically amended by the Legislature, represents a comprehensive statutory scheme regulating private arbitration in this state. (§ 1280 et seq.) Through this detailed statutory scheme, the Legislature has expressed a 'strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.' [Citations.] Consequently, courts will ' "indulge every intendment to give effect to such proceedings." ' [Citations.] Indeed, more than 70 years ago [our Supreme Court] explained: 'The policy of the law in recognizing arbitration agreements and in providing by statute for their enforcement is to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing.' [Citation.] 'Typically, those who enter into arbitration agreements expect that their dispute will be resolved without necessity for any contact with the courts.' " (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.)

Under section 1281.2, a trial court must order a pending dispute to arbitration if it determines that an agreement to arbitrate the controversy exists, unless an exception applies. " 'A right to compel arbitration is not . . . self-executing. If a party wishes to compel arbitration, he must take active and decided steps to secure that right, and is required to go to the court where the [other party]'s action [at law] lies.' [Citation.] Consequently, the party seeking to enforce the contractual arbitration clause must file the section 1281.2 petition in the action at law (or raise it as an affirmative defense in the answer) or else the right to contractual arbitration is waived. [Citations.] The party seeking resolution via contractual arbitration must

8

also file a motion in the action at law to stay it (§§ 1281.4, 1292.8); it will not be stayed automatically.  [Citation.]  This assertion of a contractual arbitration agreement constitutes a 'plea in abatement' of the action at law." (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1795-1796 (*Brock*).)

"[S]ection 1281.4 requires a court to stay an action submitted to arbitration pursuant to an agreement of the parties.  Beyond that, the court's role is fairly limited.  Once a petition is granted and the lawsuit is stayed, 'the action at law sits in the twilight zone of abatement with the trial court retaining merely vestigial jurisdiction over matters submitted to arbitration.' [Citation.]  During that time, under its 'vestigial' jurisdiction, a court may: appoint arbitrators if the method selected by the parties fails (§ 1281.6); grant a provisional remedy 'but only upon the ground that the award to which an applicant may be entitled may be rendered ineffectual without provisional relief' (§ 1281.8, subd. (b)); and confirm, correct or vacate the arbitration award (§ 1285).  Absent an agreement to withdraw the controversy from arbitration, however, no other judicial act is authorized. [Citation.]  [¶]  In the interim, the arbitrator takes over.  It is the job of the arbitrator, not the court, to resolve all questions needed to determine the controversy.  [Citation.]  The arbitrator, and not the court, decides questions of procedure and discovery.  [Citation.]  It is also up to the arbitrator, and not the court, to grant relief for delay in bringing an arbitration to a resolution." (*Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487-488 (*Titan/Value*), fns. omitted.)

Thus, if a party fails to participate in an arbitration proceeding after the trial court has compelled arbitration and stayed litigation, an opposing party's "only avenue for redress" is in the arbitration proceeding itself.

9

(*Blake*, *supra*, 93 Cal.App.4th at p. 737; accord, *SWAB Financial, LLC v. E\*Trade Securities, LLC* (2007) 150 Cal.App.4th 1181, 1200-1201; *Byerly v. Sale* (1988) 204 Cal.App.3d 1312, 1316 (*Byerly*).) " '[A]n arbitration has a life of its own outside the judicial system.' [Citation.] The trial court may not step into a case submitted to arbitration and tell the arbitrator what to do and when to do it: it may not resolve procedural questions, order discovery, determine the status of claims before the arbitrator or set the case for trial because of a party's alleged dilatory conduct. It is for the arbitrator, and not the court, to resolve such questions." (*Titan/Value*, *supra*, 29 Cal.App.4th at p. 489.)

The trial court here ordered the dispute to arbitration and stayed the litigation. It therefore had only limited, " 'vestigial' " jurisdiction over the dispute. (*Titan/Value*, *supra*, 29 Cal.App.4th at p. 487.) It did not have the power to restore the case to the civil active list and set trial dates—effectively dismissing the arbitration proceeding—based on Imperial Heights's alleged dilatory conduct. (See *Blake*, *supra*, 93 Cal.App.4th at p. 737; *Brock*, *supra*, 10 Cal.App.4th at p. 1808; *Byerly*, *supra*, 204 Cal.App.3d at p. 1316; see also *Titan/Value*, at p. 488.) Any such conduct should have been addressed in the arbitration proceeding, which was the contractually-agreed forum for handling the parties' dispute.[2]

In the trial court, plaintiffs relied on *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, but it is inapplicable. *Sobremonte* considered an order granting a petition to compel arbitration, not an order effectively terminating arbitration after it had already been compelled. (*Id.* at p. 983.)

---

[2] Section 1283.8 additionally empowers a trial court to set a reasonable date for completion of the arbitration proceeding, if the time is not fixed in the arbitration agreement itself. (*Bosworth v. Whitmore* (2006) 135 Cal.App.4th 536, 550.) The order at issue here is not such an order.

*Sobremonte* applied the statutory rule that a petition to compel arbitration may be denied where the party seeking arbitration has, by its actions, waived the right to enforce the arbitration provision. (*Id.* at p. 991, citing § 1281.2, subd. (a).) It held that the defendant waived its right to enforce an arbitration provision, and its petition to compel arbitration should have been denied, where the defendant "(1) unreasonably delayed its demand for arbitration, (2) engaged in litigation conduct inconsistent with an intent to arbitrate, and (3) prejudiced the plaintiffs by causing them to incur costs and attorney fees, and lose the benefits of arbitration." (*Id.* at pp. 983-984.)

Here, unlike *Sobremonte*, a petition to compel arbitration was not at issue. The trial court had already granted the petition more than a year earlier. After the petition was granted, and the litigation stayed, the right to arbitrate had already been enforced and the issue of waiver was no longer relevant. If plaintiffs believed that Imperial Heights had engaged in dilatory conduct after the petition to compel arbitration was granted, plaintiffs were required to address that conduct in the arbitration proceeding itself.

Finally, we note that after the petition to compel arbitration was granted, it was incumbent upon *plaintiffs* to pursue their claims in the arbitration forum. "It is, after all, the . . . claimant in arbitration, like the plaintiff in litigation, who bears the primary responsibility of exercising diligence in order to advance progress towards the resolution of its claim [citation], and [the defendant] is under no obligation to press for appointment of arbitrators when a claimant is himself dilatory." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 980.)

## DISPOSITION

The order restoring the case to the civil active list and setting trial dates is reversed. On remand, the trial court shall enter a new order denying

11

plaintiffs' motion. Because plaintiffs did not appear, we award no costs on appeal. (*Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1022.)


GUERRERO, J.

WE CONCUR:



HUFFMAN, Acting P. J.



IRION, J.