Filed 1/23/25  Durand v. Beitchman CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUDY DURAND,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DAVID BEITCHMAN et al.,<br><br>    Defendants and Respondents. | B329298<br><br>(Los Angeles County<br>Super. Ct. No. BC648317) |

APPEAL from an order of the Superior Court of Los Angeles County, Douglas W. Stern, Judge.  Reversed.

Gilbert Azafrani for Plaintiff and Appellant.

Seanez Legal, Olga Michelle Seanez; Beitchman & Zekian and Rouben Varozian for Defendants and Respondents.

_____

Plaintiff and appellant Rudy Durand appeals from an order dismissing the underlying action for failure to prosecute.[1] Durand contends the trial court erred in granting dismissal while the matter was stayed pending contractual arbitration. We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Durand and his nephew, Jeffrey Durand, filed "a fraud case to recover their condo[minium]." In 2012, before the case went to trial, their counsel withdrew. The Durands retained David Beitchman of Beitchman and Zekian, PC as replacement counsel.

The parties executed a "representation agreement" in which Durand agreed to pay Beitchman a flat fee of $50,000 "for the sole purpose of preparing the case for trial, and trying the case." An arbitration policy was attached to the agreement. It required the parties to submit all disputes arising out of or relating to the representation agreement, "or to the relationship of the parties, our engagement and/or our performance or failure to perform services," to binding arbitration. The parties waived their right to a jury trial and their right to conduct discovery, except as permitted by the arbitrator. The parties also agreed to pay equal shares of the arbitrator's fee. The policy provided that it would "survive the termination of [Beitchman and Zekian's] representation or this Agreement." Durand signed an acknowledgment stating that he read, understood, and consented to the arbitration policy.

---

[1] Although the opening brief identified both Durand and his nephew, Jeffrey Durand, as appellants, Durand concedes that Jeffrey Durand is not a party in the underlying action and is not a party to this appeal.

In January 2017, Durand filed a complaint alleging that on the eve of trial, Beitchman refused to represent the Durands at trial or to refund the $50,000 flat fee. The complaint asserted causes of action for financial elder abuse, breach of contract, and breach of fiduciary duty against Beitchman and Beitchman and Zekian, PC (collectively, defendants).

From May 2017 through early 2020, the trial court continued the case management conference several times for various reasons, including Durand's counsel's failure to appear in court and the court's unavailability. Throughout this period, the parties disputed whether Durand had effected proper service of the complaint on defendants.

In February 2020, defendants moved to compel arbitration. They also requested that the court stay the case pending completion of arbitration pursuant to Code of Civil Procedure, section 1281.4.[2] Durand did not file an opposition. In June 2020, the court granted defendants' motion to compel arbitration and stayed the case "pending binding arbitration as to the entire action."

The arbitration did not take place. In January 2023, defendants filed a motion asking the trial court to dismiss the action for failure to prosecute. Defendants asserted dismissal of the matter was required under the five-year mandatory dismissal rule of sections 583.310 and 583.360, or was permitted under the section 583.420 three-year discretionary dismissal provision. In a supporting declaration, Beitchman's counsel asserted the action was improperly delayed at the outset because Durand failed to properly serve defendants and, for the first three years after the

---

[2] All further undesignated statutory references are to the Code of Civil Procedure.

3

complaint was filed, he refused to arbitrate. She further declared that after the court granted defendants' motion to compel arbitration, Durand "refused to commence arbitration" for the next two-and-a-half years. Durand had claimed an inability to move forward with the arbitration due to illness and his advanced age.

Beitchman's counsel further informed the court that after defendants indicated they would move to dismiss Durand's action for failure to prosecute, Durand provided notice that he had commenced the arbitration. He repeatedly requested that defendants remit their half of the arbitration fee. Beitchman's counsel refused since, by then, defendants were seeking to have the entire matter dismissed. Defendants notified the arbitration case manager about their pending motion seeking dismissal in the trial court and asked that the arbitration be stayed until the trial court ruled on the motion.

Durand opposed the motion to dismiss. Citing *Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790 (*Brock*), Durand argued that under section 583.340, subdivision (b), the court was required to exclude the period of the arbitration stay from its calculation of section 583.310's five-year clock for mandatory dismissal. Durand further contended defendants were responsible for delaying the litigation by avoiding service, making bad faith claims of improper service, and refusing to file an answer. In a supporting declaration, Durand's counsel attested that Durand had filed a demand for arbitration, paid the entire fee, and informed the arbitration service of his selection of arbitrators from a list sent to the parties. He contended defendants were attempting to avoid arbitration by refusing to pay their share of the fees and refusing to select an arbitrator.

4

In reply, defendants argued *Brock* did not apply because it concerned a plaintiff who failed to diligently prosecute an arbitration that had already commenced, whereas Durand had failed to commence arbitration at all. They instead relied on *Lockhart-Mummery v. Kaiser Foundation Hospitals* (1980) 103 Cal.App.3d 891 (*Lockhart-Mummery*), to support their contention that the court could dismiss an action if the plaintiff failed to commence arbitration within five years of filing the complaint. Defendants again asked the court to dismiss the action with prejudice for lack of prosecution pursuant to sections 583.310 and 583.360, and to vacate the order compelling arbitration.

Durand filed a "supplemental opposition" arguing that *Lockhart-Mummery* was inapposite considering section 583.340, subdivision (b), and relying on *Brock*, which had rejected *Lockhart-Mummery*'s holding. The opposition quoted a portion of the *Brock* decision in which the court held a trial court has no jurisdiction to dismiss an arbitration proceeding for failure to prosecute in a reasonably diligent fashion. Durand attached a declaration in which he stated that after he unilaterally commenced arbitration, defendants refused to select an arbitrator. He also explained that the arbitration had been stopped as a result of defendants' claims that there was no need to select an arbitrator since they anticipated the trial court would dismiss the action.

In February 2023, the trial court granted the motion to dismiss. The court noted Durand filed his complaint over six years before defendants filed the motion to dismiss. The court also observed that Durand had "only recently initiated the arbitration," and defendants claimed he had done so only after they stated their intention to move to dismiss the case. The court

5

acknowledged that there were "conflicting pronouncements by the Courts of Appeal" as to whether the trial court has the authority to entertain a request for dismissal of a matter once it has been compelled to arbitration. However, the court concluded that under *Lockhart-Mummery*, *supra*, 103 Cal.App.3d 891, it "retain[ed] the power to dismiss a case . . . where a party had failed to timely proceed in the initiation and prosecution of the arbitration, at least where the party has prevented the arbitration forum from attaining the power and authority to begin to adjudicate aspects of the claim." The court recognized that periods when an action is stayed are excluded from the five-year mandatory dismissal period. But the court reasoned Durand was able to prosecute the action during the stay—in the arbitral forum—and he failed to do so, thus dismissal was appropriate.

Durand timely appealed.

## DISCUSSION

Durand contends the trial court erred by declining to exclude the arbitration stay from its calculation of the five-year mandatory dismissal period. Defendants' appellate briefing does not argue the trial court ruling was correct. Instead, defendants describe relevant case law, including cases holding that the trial court does not have jurisdiction to dismiss a case for failure to prosecute after the matter has been ordered into arbitration and stayed under section 1281.4. With that discussion, defendants "submit this matter on the record." We conclude the trial court lacked jurisdiction to dismiss for failure to prosecute and therefore reverse the trial court order.[3]

---

[3]     The parties and the trial court appeared to understand the

6

## I. The Trial Court Lacked Jurisdiction to Dismiss Durand's Claims Based on His Failure to Prosecute the Arbitration

Under the California Arbitration Act (Code Civ. Proc., § 1280 et seq.) (CAA), a court must grant a party's motion to compel arbitration if it determines an agreement to arbitrate exists. (§ 1281.2.) Once a court orders a controversy to arbitration, it must, "upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." (§ 1281.4; *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1096 (*Gaines*).)

"The purpose of the statutory stay is to protect the jurisdiction of the arbitrator by preserving the status quo until arbitration is resolved." (*Federal Ins. Co. v. Superior Court* (1998) 60 Cal.App.4th 1370, 1374.) "Once a court grants the petition to compel arbitration and stays the action at law, the action at law sits in the twilight zone of abatement with the trial

court's order as dismissing both the action pending in the superior court and the arbitration. (*Brock, supra*, 10 Cal.App.4th at pp. 1796, 1794 [action at law and arbitration were "two separate proceedings over which the trial court had separate fonts of jurisdiction"].) We determine the trial court erred as to both proceedings. We further agree with the many courts that have concluded the dismissal of a trial court action does not terminate related pending arbitration proceedings. (*Finley v. Saturn of Roseville* (2004) 117 Cal.App.4th 1253, 1258–1259; *Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 488 & fn. 8 (*Titan/Value*); *Brock*, at p. 1804; *Nanfito v. Superior Court* (1991) 2 Cal.App.4th 315, 318–319 & fn. 3 (*Nanfito*); *Byerly v. Sale* (1988) 204 Cal.App.3d 1312, 1316 (*Byerly*).)

court retaining merely a vestigial jurisdiction over matters submitted to arbitration. This vestigial jurisdiction over the action at law consists solely of making the determination, upon conclusion of the arbitration proceedings, of whether there was an award on the merits . . . or not . . . ." (*Brock*, *supra*, 10 Cal.App.4th at p. 1796; *Gaines*, *supra*, 62 Cal.4th at p. 1096; see § 1286 [court shall confirm, correct, or vacate arbitral award upon party petition].) "The court also retains a separate, limited jurisdiction over the contractual arbitration" to consider subsequent petitions relating to the same arbitration agreement filed in the same proceeding. (*Brock*, at p. 1796, citing § 1292.6.)

Upon motion of a party, the court may take limited steps "to aid in the prosecution of an arbitration." (*Blake v. Ecker* (2001) 93 Cal.App.4th 728, 738, fn. 8 (*Blake*), disapproved on other grounds in *Le Francois v. Goel* (2005) 35 Cal.4th 1094.) For example, at a party's request, the court may appoint an arbitrator (§ 1281.6); grant a provisional remedy to give effect to future arbitrable awards (§ 1281.8, subd. (b)); disqualify neutral arbitrators (§ 1281.91, subd. (b)(2)); and compel a drafting party to pay arbitration fees to continue an ongoing arbitration (§ 1281.98, subd. (b)(3)). (*Blake*, at p. 738; *Titan/Value*, *supra*, 29 Cal.App.4th at p. 487.) "Absent an agreement to withdraw the controversy from arbitration, however, no other judicial act is authorized." (*Titan/Value*, at p. 487, citing *Byerly*, *supra*, 204 Cal.App.3d at p. 1315.) "It is the job of the arbitrator, not the court, to resolve all questions needed to determine the controversy." (*Titan/Value*, at p. 487.)

Numerous courts have therefore held that a trial court lacks the authority to dismiss an action based on the plaintiff's

failure to prosecute once the matter is compelled to arbitration.[4] For example, in *Brock*, the trial court dismissed the parties' medical malpractice action due to the plaintiffs' failure to prosecute the arbitration with reasonable diligence in the five years after the court ordered the matter to arbitration and stayed the case. (*Brock*, *supra*, 10 Cal.App.4th at pp. 1793–1794.) The appellate court reversed, concluding the trial court lacked jurisdiction to dismiss contractual arbitration proceedings for failure to prosecute. (*Id*. at p. 1807.) The trial court retained only "vestigial jurisdiction" over matters submitted to arbitration, and its authority was limited to taking the specific actions delineated in the CAA. (*Id*. at pp. 1796, 1801–1805.)

Similarly, in *Blake*, *supra*, 93 Cal.App.4th 728, the trial court ordered the matter into arbitration. (*Id*. at p. 735.) For nearly two years, the plaintiff took no steps to initiate the arbitration. (*Ibid*.) The trial court granted the defendants' motion to dismiss for failure to prosecute. (*Id*. at p. 737.) A panel of this division reversed, finding the trial court lacked jurisdiction to grant the motion. (*Id*. at p. 738.) Citing *Brock*, the court concluded: "Once the trial court stayed plaintiff's civil action, it was stayed for all purposes during the arbitration proceedings. Defendants' only avenue for redress when plaintiff failed to timely prosecute the arbitration was in the arbitration proceeding." (*Id*. at p. 737.)

Most recently, our colleagues in Division Seven of this court came to a similar conclusion in *Lew-Williams*, *supra*, 101

---

[4]    "Where, as here, the procedural facts are undisputed, the question whether the trial court exceeded its jurisdiction is a legal question subject to de novo review." (*Lew-Williams v. Petrosian* (2024) 101 Cal.App.5th 97, 106 (*Lew-Williams*).)

Cal.App.5th 97. There, the trial court dismissed claims against one set of defendants because the plaintiffs failed to initiate arbitration for nearly two years after the court granted a motion to compel arbitration. (*Id.* at pp. 100–104.) The reviewing court reversed. (*Id.* at p. 101.) Citing *Brock* and other supporting authority, the court held the trial court exceeded its vestigial jurisdiction by dismissing the plaintiffs' claims for failure to prosecute. (*Id.* at pp. 101, 105–106, 107.) The power to terminate proceedings for dilatory tactics was solely within the arbitrator's purview. (*Id.* at p. 106.) The *Lew-Williams* court further reasoned that the defendants had "recourse within the arbitration process to prevent unreasonable or abusive delay." (*Id.* at p. 109.) The rules of the parties' chosen arbitral forum allowed a defendant to initiate arbitration, provided a means for the defendants to ask the arbitrator to issue orders to "control and expedite" the arbitration, and authorized the arbitrator to issue sanctions. (*Ibid.*)

Likewise, here, the trial court granted the motion to compel arbitration and ordered the case "stayed pending binding arbitration as to the entire action." During the stay, the trial court retained only vestigial jurisdiction over the matter. No statute conferred the trial court with the authority to dismiss because Durand failed to prosecute the arbitration. (See *Brock*, *supra*, 10 Cal.App.4th at pp. 1796, 1805 [Title 9 of the CAA "is the font of the trial court's jurisdiction over the arbitration proceeding" and did not allow party to petition to dismiss arbitration].) Only the arbitrator had this authority. (*Titan/Value*, *supra*, 29 Cal.App.4th at p. 488; *Blake*, *supra*, 93 Cal.App.4th at p. 737; *Byerly*, *supra*, 204 Cal.App.3d at p. 1316.)

We note that in the proceedings below, defendants argued, and the trial court agreed, that *Lockhart-Mummery*, *supra*, 103 Cal.App.3d 891, permitted a different result. However, we agree with the courts that have rejected the reasoning adopted in *Lockhart-Mummery* and similar cases.

In *Lockhart-Mummery*, the appellate court affirmed the trial court's dismissal of an action and pending arbitration after finding the plaintiff did not act with reasonable diligence in initiating the arbitration. (*Lockhart-Mummery*, *supra*, 103 Cal.App.3d at p. 898.) The court relied on *Kaplan v. Eldorado Ins. Co.* (1976) 55 Cal.App.3d 587 (*Kaplan*), in which the Court of Appeal affirmed the trial court's imposition of terminating sanctions after the plaintiff failed to obey its orders to comply with discovery sought in a pending uninsured motorist arbitration proceeding. (*Id.* at pp. 589, 591–593.) The *Lockhart-Mummery* court reasoned that if the trial court in *Kaplan* had jurisdiction to dismiss when a plaintiff failed to comply with discovery in arbitration, the trial court could also dismiss a matter when a plaintiff did not act with reasonable diligence in initiating arbitration. (*Lockhart-Mummery*, at p. 898.) According to the *Lockhart-Mummery* court, "[t]o hold otherwise, would place a defendant in an untenable position as it would be unable, without the appointment of appellant's arbitrator, to move the litigation along nor could it seek dismissal despite the passage of three years of inaction." (*Ibid*.)

Yet, *Kaplan* did not specifically address the scope of a trial court's jurisdiction after a case is stayed and a matter is submitted to contractual arbitration. Instead, the *Kaplan* court's analysis was limited to whether the trial court's imposition of a terminating sanction was proper under the

11

relevant discovery statute in the uninsured motorist context. (*Kaplan*, *supra*, 55 Cal.App.3d at pp. 591–593; see *Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 922–924 [distinguishing *Kaplan* from contractual arbitration cases because specific statute gives superior court jurisdiction over discovery disputes in uninsured motorist arbitrations].) The *Kaplan* court did not address the issue of whether the trial court had the *authority* to rule on a motion seeking dismissal as a sanction for the plaintiff's failure to comply with discovery obligations in a pending *contractual* arbitration. " 'It is axiomatic that cases are not authority for propositions not considered.' [Citation.]" (*In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388.) The *Lockhart-Mummery* court relied on no other legal authority for the proposition that the trial court has jurisdiction to dismiss contractual arbitration proceedings when the matter has been ordered into arbitration and the action stayed. As the *Brock* court concluded, "*Lockhart-Mummery*'s conclusion that a court may dismiss arbitration proceedings is not supportable in authority . . . ." (*Brock*, *supra*, 10 Cal.App.4th at p. 1804.)

We further agree with courts such as *Brock* and *Lew-Williams* in their rejection of *Lockhart-Mummery*'s rationale that the trial court must have jurisdiction to dismiss an action for failure to prosecute an arbitration, otherwise the plaintiff could infinitely stall the proceedings. (*Lockhart-Mummery*, *supra*, 103 Cal.App.3d at p. 898.) As the *Brock* court reasoned, to the extent a delay in commencing arbitration is caused by one party's inability to agree on a specific arbitrator, any other party may petition the trial court to appoint an arbitrator pursuant to

section 1281.6.[5] (*Brock, supra,* 10 Cal.App.4th at p. 1803; *Blake, supra,* 93 Cal.App.4th at p. 738 & fn. 8 [accord].) The rules of the arbitral forum may also prevent abusive delay. (*Lew-Williams, supra,* 101 Cal.App.5th at p. 109.) And "[i]t is . . . up to the arbitrator, and not the court, to grant relief for delay in bringing an arbitration to a resolution." (*Titan/Value, supra,* 29 Cal.App.4th at p. 488, fn. omitted; *Lew-Williams,* at p. 110; *Brock,* at p. 1804; *Byerly, supra,* 204 Cal.App.3d at p. 1316 ["arbitration has a life of its own outside the judicial system, and only the arbitrator should determine whether there has been an unreasonable delay in prosecution which would justify dismissal"]; *Young v. Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669, 673 (*Young*).)

Here, Durand delayed significantly in commencing the arbitration. Yet, defendants could have petitioned the trial court to appoint an arbitrator under section 1281.6. Further, it is undisputed that by the time defendants filed their motion to dismiss in the trial court, Durand had initiated the arbitration by filing a demand and paying the full arbitration fee. Defendants could therefore have proceeded with the selection of an arbitrator and presented a motion to dismiss to that arbitrator. (*Young, supra,* 135 Cal.App.3d at p. 673.)

We therefore agree with *Lew-Williams, Brock,* and other courts holding a trial court has no jurisdiction to dismiss for failure to prosecute a contractual arbitration. (E.g., *Nanfito, supra,* 2 Cal.App.4th at p. 319, fn. 3; *Byerly, supra,* 204

---

[5] Under section 1281.6, if the parties do not have an agreed upon method for appointing an arbitrator, or if that method fails or cannot be followed, the trial court "on petition of a party to the arbitration agreement, shall appoint the arbitrator."

Cal.App.3d at p. 1316; *Titan/Value*, *supra*, 29 Cal.App.4th at p. 488, fn. 8.)

## II. The Trial Court Erred in Declining to Exclude the Arbitration Stay When Calculating the Five-Year Mandatory Dismissal Period

Finally, to the extent the trial court dismissed the superior court action pursuant to section 583.310, we conclude the five-year period had not expired and dismissal was improper.[6]

Section 583.310 requires a plaintiff to bring a case "to trial within five years after the action is commenced against the defendant." A court must dismiss the case if the plaintiff fails to do so. (§ 583.360, subd. (a).) When computing the five-year period, courts must exclude any period during which "(a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.)

The trial court stayed the action approximately three years and five months after Durand filed his complaint. The court was required to exclude from the five-year mandatory dismissal period the approximately two-and-a-half years that elapsed after the court entered the stay. Thus, the five-year period under section 583.310 had not expired at the time of dismissal. (*Gaines*, *supra*, 62 Cal.4th at p. 1096 ["A party seeking to enforce contractual arbitration is statutorily entitled to a stay of pending legal actions."]; *Byerly*, *supra*, 204 Cal.App.3d at p. 1314.)

---

[6] Although defendants' motion referenced the discretionary and mandatory dismissal rules, the trial court ruling referred only to the five-year rule.

The trial court acknowledged section 583.340, subdivision (b), and the need to exclude any period when the action was stayed, but reasoned that Durand was not prevented from bringing the matter to trial in the arbitral forum and he "simply did not properly prosecute" the action. However, we again agree with the *Brock* court, which rejected a similar analysis in *Lockhart-Mummery*. As the *Brock* court explained, section 583.340, subdivision (b) explicitly carves out stays from the calculation of the five-year period and does not condition the application of the stay exclusion on a plaintiff's "reasonable diligence" in related arbitration proceedings. (*Brock*, *supra*, 10 Cal.App.4th at pp. 1798–1799.) " '[R]easonable diligence' is not a concept that has any pertinence to a plaintiff who is prevented from pursuing an action at law by an arbitration stay. The stay for all intents and purposes prevents the plaintiff from ever again pursuing the action at law by virtue of the claim-preclusive effect of the arbitration (unless the arbitration concludes without resolving the merits of the dispute); thus, a plaintiff diligently advancing an arbitration proceeding only brings the action at law closer to dismissal, not trial. A stay on proceedings consequently stays the five-year period until such time as it is no longer in abeyance." (*Id*. at p. 1799.)

There was no basis for the trial court to dismiss Durand's action, or the arbitration proceedings, for delay in prosecution.

15

# DISPOSITION

The trial court's order granting defendants' motion to dismiss is reversed. Durand to recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        ADAMS, J.


We concur:



                    EGERTON, Acting P. J.




                    HANASONO, J.*

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.