Filed 11/2/20

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| VERONICA McCLUSKEY,<br>    Plaintiff and Appellant,<br><br>v.<br><br>JEFF HENRY, et al.,<br>    Defendants and Respondents;<br><br>MICHAEL MOGAN,<br>    Objector and Appellant. | A158851<br><br>(City and County of<br>San Francisco<br>Super. Ct. No. CGC18567741) |

In 2019, the trial court denied plaintiff Veronica McCluskey's request to lift the stay imposed in her lawsuit against defendants Jeff Henry, Dave Willner, and Sanaz Ebrahini (collectively, defendants), found the request both factually and legally frivolous, and granted defendants' motion for sanctions under Code of Civil Procedure section 128.7[1]. The court imposed sanctions on McCluskey's counsel, objector and appellant Michael Mogan, in the amount of $22,159.50, reflecting

---

\*	Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the following portions of the Discussion: Section I.c. (The Motion Papers Met Statutory and Constitutional Standards); Section I.d. (Sanctions Order Met Statutory and Constitutional Standards); Part II (Substantive Challenges); and Part III (Award of Attorney Fees).

[1]	All further unspecified statutory references are to the Code of Civil Procedure.

attorney fees incurred in opposing the request to lift the stay.  Finally, the trial court denied McCluskey's request for sanctions against defendants for their filing of the motion for sanctions.

Mogan appeals the sanctions order[2] and defendants move for sanctions against Mogan and McCluskey for the filing of the appeal. We affirm the sanctions order and deny the request for sanctions on appeal.

## FACTS

### A.    Background

In the first amended complaint (the operative complaint), McCluskey sought damages for the termination of her account with Airbnb, Inc. premised upon one cause of action for intentional infliction of emotional distress against defendants[3], employees of Airbnb.[4]  In late 2018, the trial court granted defendants' motion to stay the action and compel arbitration pursuant to an arbitration clause in the contract between McCluskey and Airbnb.

---

[2]     The notice of appeal also names McCluskey as an appellant.  We dismiss her appeal as she has no standing to challenge the order directing her counsel to pay sanctions.  (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888.)  In addition, no appeal lies from the denial of her request to the trial court for sanctions against defendants.  (*Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055-1056.)

[3]     The first amended complaint uses the proper spelling of Sanaz Ebrahini's name, but his surname is incorrectly spelled in other documents as Evrahini.

[4]     Defendants have requested we take judicial notice of an order and judgment issued in the United States District Court for the Central District of California concerning litigation between McCluskey and Airbnb.  We deny the request as the documents are not necessary to the resolution of this appeal.  (See *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1 [documents to be judicially noticed must be relevant].)

In February 2019,[5] McCluskey filed a claim for arbitration with the American Arbitration Association (AAA), which set initial deadlines for each party to pay filing fees. McCluskey paid her fee and AAA acknowledged receipt. Airbnb[6] sent defendants' fee by wire transfer, but AAA did not acknowledge receipt.

In an April 9 email, AAA informed all counsel that it had administratively closed the arbitration due to defendants' failure to pay their filing fee. Defense counsel immediately contacted AAA, and several days later AAA responded it still had no record of payment. On April 19, defense counsel sent AAA documentation of an April 5 wire transfer and an email explaining the payment had been sent together with payment for another AAA case, which perhaps was the source of confusion.

On May 1, AAA emailed counsel for all parties that payment had been received after a delay in applying the fee to the correct case. Further, "[i]n order for this case to now move forward we would need confirmation from the claimant that they want this case reopened since

---

[5]     All further dates occurred in 2019.
[6]     Defendants' costs and attorney fees incurred in defending this action were paid for by their employer Airbnb pursuant to its obligations under Labor Code section 2802, which "requires an employer to indemnify an employee who is sued by third persons for conduct in the course and scope of his or her employment, including paying any . . . attorney's fees and costs incurred in defending the action." (*Cassady v. Morgan, Lewis & Bockius LLP* (2006) 145 Cal.App.4th 220, 230; see *Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 951-952 [under Lab. Code §§ 2802 & 2804, employer has nonwaivable obligation to defend and indemnify employee for all expenses and losses incurred by employee in direct consequence of discharge of employee's duties].)

it was previously closed. At this time we request counsel for claimant copied on this correspondence to confirm they would like this reopened. Please provide confirmation by May 6, 2019 or this case will remain closed." Not having heard from McCluskey or Mogan, on May 9 AAA sent another email again informing counsel for all parties that defendants' payment had been received but due to the wire transfer delay it was received after the due date, but further stating that "[a]t this time we are sending a final request for confirmation you would like that [sic] matter to be reopened. Absent the receipt of confirmation from claimant to reopen this matter, we will keep this matter closed. Please confirm on or before **May 16, 2019**." (Underlining and bolded language in original.)

Mogan again did not respond.

## B.    August 8 Order – Request to Lift Stay Denied

On May 10, Mogan filed McCluskey's motion to lift the stay, and filed an amended motion on July 1 (hereinafter referred to as "the amended motion to lift the stay"). McCluskey sought to lift the stay based on an assertion that, pursuant to section 1281.4 and section 3 of 9 U.S.C., defendants' failure to pay their filing fee by April 5, the deadline set by AAA, resulted in the administrative closing of the case and constituted a default, waiver, lack of good faith and fair dealing, or breach of the arbitration agreement. Defendants filed an opposition with supporting documents, to which McCluskey replied, in part, by filing evidentiary objections to portions of the documents.

On August 8, the trial court denied the amended motion to lift the stay. It found AAA had administratively closed the case due to its own clerical error and then repeatedly contacted McCluskey's counsel

4

in order to reopen the matter. As counsel's failure to respond was what prevented the arbitration from proceeding, defendants were not in default and the trial court would not allow McCluskey "to take advantage of AAA's clerical error" in order to evade her contractual obligation to arbitrate her claims. The trial court did not rule on the evidentiary objections to portions of the documents submitted by defendants.

### C.    September 11 Order – Motion for Sanctions Granted

In response to the filing of the initial May 10 motion to lift the stay, defendants served a section 128.7 sanctions motion. Following the filing of the amended motion to lift the stay, defendants served another (second) section 128.7 sanctions motion. After the August 8 ruling, defendants filed the second section 128.7 motion (hereinafter referred to as the sanctions motion), which is now under review. The relief sought was attorney fees incurred in opposing the initial motion to lift the stay and related sanctions motion (served but not filed), as well as those incurred in opposing the amended motion to lift the stay and the sanctions motion under review.

McCluskey opposed the sanctions motion, requested discovery to challenge the reasonableness of defendants' attorney fees, and requested an award of attorney fees for the filing of a frivolous sanctions motion pursuant to section 128.7, subdivision (c)(1). She also filed evidentiary objections to portions of the evidence submitted by defendants in support of their sanctions motion.

Defendants filed a reply and another declaration from lead defense counsel, attaching copies of emails, sent between August 16 and August 29, in which Mogan specifically asked AAA to provide

5

"some sort of proof" showing when defendants paid their fee, along with AAA's response that "[d]ue to our financial privacy policy we cannot disclose financial information of other parties. We can only confirm that Respondent's wire transfer payment was posted to the case on 4/5/19." McCluskey filed evidentiary objections to the August emails contending they were not relevant to the issue of whether sanctions should be imposed based on what Mogan knew at the time he filed the amended motion to lift the stay.

At the September 11 hearing, the trial court informed Mogan that the "recent developments" (apparently referring to the August 2019 emails in which AAA stated defendants paid the fee on April 5) were "neither here nor there," because it was "gamesmanship" for Mogan to have filed the amended motion to lift the stay on the ground that defendants had purportedly waived their right to arbitrate. The court emphasized the record was clear – defendants had paid their AAA fee, AAA had made a mistake causing it to administratively close the case, and Mogan "sought to capitalize on that mistake by ignoring two different communications from [AAA] asking you whether your client wished to reopen the case, and instead [you] tried to run in here and get an Order that the defendants had waived their right to arbitrate, when they clearly hadn't. [¶] By doing so, you imposed financial and other burdens on your opponent and on the Court."

In a September 11 written order, the trial court granted section 128.7 sanctions as the filing of the amended motion to lift the stay "was both factually and legally frivolous":

> "In particular, the Court finds that [the] contention that defendants were in 'default' in the arbitration proceedings was entirely lacking in either evidentiary or legal support. In fact,

6

as set forth in the [August 8] order, and as was fully known to [McCluskey's] counsel, the [AAA] had made a clerical error by misapplying defendants' timely fees and then, as a result, administratively closed the case. Once the AAA realized and acknowledged its mistake, it requested confirmation from plaintiff that she wanted the case reopened. [McCluskey's] counsel did not respond to that repeated request by the AAA, but instead brought the frivolous motion to lift the stay, by which counsel sought to take advantage of the AAA's clerical error and her own lengthy delays in order to evade her contractual obligation to arbitration her claims and to avoid the effect of the Court's earlier order granting defendants' petition to compel arbitration. [McCluskey's] counsel now compounds his misconduct by accusing defendants' counsel of 'continued attempts to commit fraud upon this Court and [McCluskey]' and of 'lying,' among other things, accusations which the Court finds to be baseless and unprofessional. [McCluskey's] contention that the Court lacks jurisdiction to grant sanctions because it previously granted defendants' motion to compel arbitration is mistaken. (See, e.g., *Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.[4th] 822, 841 [after granting petition to compel arbitration, trial court retains jurisdiction over the case to conduct further proceedings]). [McCluskey's] contention that the definition of a prevailing party in section 128.7 is unconstitutionally vague is unsupported by any authority, and is itself frivolous, as is [McCluskey's] request for an award of sanctions against defendants for bringing the instant motion."

The trial court ordered Mogan to pay $22,159.50, as "reasonable" attorney fees for opposing the amended motion to lift the stay. The court declined to award fees incurred "in bringing the initial or the instant sanctions motion." The trial court did not rule on the evidentiary objections to portions of the evidence submitted by defendants in support of their sanctions motion.

## DISCUSSION

Section 128.7 provides that a trial court may impose sanctions for the filing of a pleading if the court "concludes the pleading was filed for

7

an improper purpose [(subdivision (b)(1)] or was indisputably without merit, either legally or factually [(subdivision (b)(2), (3)]. [Citation.]" (*Peake v. Underwood* (2014) 227 Cal.App.4th 428, 440 (*Peake*).)[7]  In determining whether to impose sanctions, section 128.7 subdivision (c) states the court shall consider whether the party seeking sanctions exercised due diligence and may, if warranted, award reasonable expenses and attorney fees to the prevailing party.  Subdivision (d) limits the sanction "to what is sufficient to deter repetition of this conduct or comparable conduct by others similarly situated" and provides that a sanction may include payment "of some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the violation."  Finally, subdivision (e) requires the court to

---

[7] Section 128.7 subdivision (b) requires that an attorney or party filing a pleading, petition, or motion do so only if, "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:
> (1) It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.
> (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
> (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

describe the conduct determined to constitute a violation of this section and explain the basis for the sanction imposed.

Here, sanctions were imposed based on the substantive finding that the amended motion to lift the stay was "indisputably without merit either legally or factually." (*Peake*, *supra*, 227 Cal.App.4th at p. 440.) A claim is factually frivolous if it is " 'not well grounded in fact' " and it is legally frivolous if it is " 'not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.' [Citation.]" (*Ibid.*) "In either case, to obtain sanctions, the moving party must show the party's conduct in asserting the claim was objectively unreasonable. [Citation.] A claim is objectively unreasonable if 'any reasonable attorney would agree that [it] is totally and completely without merit.' [Citation.]" (*Ibid.*)

We review a section 128.7 sanctions order under an abuse of discretion standard and therefore presume the trial court's order is correct and do not substitute our judgment for that of the trial court. (*Peake*, *supra*, 227 Cal.App.4th at p. 441.) As explained below, Mogan fails to demonstrate any reason to reverse the sanctions order.

## I. Constitutional and Procedural Challenges

### a. Constitutionality of Section 128.7

Mogan argues the sanctions order is unconstitutionally vague as applied to him in violation of his due process rights under the federal and state Constitutions. According to Mogan, section 128.7 "was not drawn with sufficient clarity such that it properly[] informed" him as to what he must do to avoid sanctions for reasonable attorney fees in the situation involving litigation with defendants whose attorney fees and

9

costs were being paid for by their employer Airbnb.  This argument is without merit.

The trial court "has broad discretion to impose sanctions" if the moving party satisfies the criteria in section 128.7, subdivision (b). (*Peake, supra*, 227 Cal.App.4th at p. 441.)  Contrary to Mogan's assertions, section 128.7 clearly states the specific criteria that must be satisfied to avoid sanctions and further clearly states that attorney fees or other expenses may be awarded as a result of sanctionable conduct. The fact that Airbnb was paying attorney fees incurred by defendants in no way could have misled Mogan as to his obligations under section 128.7 and the possible sanctions for failure to meet his obligations. Accordingly, Mogan's claim that section 128.7 is unconstitutionally vague as applied to him fails.

b.  **Trial Court's Jurisdiction to Issue Sanctions Order**

Mogan argues we must strike the sanctions order as a matter of law because the trial court exceeded its jurisdiction.  As framed by Mogan, since "the stay of all trial proceedings remained in effect, did [section] 1281.4 prevent the trial court from hearing and ruling upon the sanctions motions"?  The short answer is no.

The procedural predicate for the trial court's award of section 128.7 sanctions was not conduct that occurred in the arbitration proceeding.  (Cf. *Optimal Markets, Inc. v. Salant* (2013) 221 Cal.App.4th 912, 925 [where action was stayed pending arbitration, trial court had no authority to impose section 128.7 sanctions for conduct occurring before the arbitrator].)  Rather, the award of sanctions was based on Mogan's conduct *that occurred before the trial court*.  Therefore, the trial court's "jurisdiction" to entertain defendants'

10

motion for sanctions, like its jurisdiction to entertain McCluskey's amended motion to lift the stay, "derived from the original [] suit, which was only stayed (*not* dismissed) pending the results of the arbitration." (*LaPrade v. Kidder Peabody & Co., Inc.* (D.C. Cir. 1998) 146 F.3d 899, 903 (*LaPrade*); italics in original.) Both section 1281.4 and section 3 of 9 U.S.C. " 'obviously envisage[ ] action in a court on a cause of action and [do] not oust the court's jurisdiction of the action, though the parties have agreed to arbitration.' " (*LaPrade*, *supra*, at p. 903, quoting *The Anaconda v. American Sugar Refining C*o. (1944) 322 U.S. 42, 44; see *Roberts v. Packard, Packard & Johnson*, *supra*, 217 Cal.App.4th at p. 841 [accord].) [8]

Further, "[t]he rationale behind the principle disfavoring judicial interference with arbitration supports what the [trial] court did here. The principle is based on the 'congressional [and state legislative] purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts.' " (*LaPrade*, *supra*, 146 F.3d at p. 903.) "Rather than interfering

_____

[8] Mogan argues that the use of the word "shall" in section 1281.4 and section 3 of 9 U.S.C. "specifically indicated that the statutes imposed a non-discretionary obligation upon the trial court to stay all trial proceedings until such arbitration has been [held] . . ., and thus the trial court acted in excess of its jurisdiction in granting an order imposing sanctions during the stay." However, his citation to cases analyzing the general use of "shall" and "may" in statutes in general is without any persuasive value. (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699 [reversible error cannot be shown by citations to statutes, case law, or secondary authority, for general principles of law, without applying those principles to the case in reasoned arguments].)

11

with the arbitration proceeding," the trial court here "was attempting to protect that proceeding and the effect of its own order." (*Ibid*.)

In clear contradiction of the order compelling arbitration, Mogan, on behalf of McCluskey, filed a motion to lift the stay, in effect seeking to "stay the arbitration and remit the parties to judicial remedies." (*LaPrade, supra,* 146 F.3d at p. 903). Mogan pursued this relief even though 10 days before the filing of the initial motion to stay, on May 1, AAA had expressly informed counsel that AAA would *arbitrate the claim* as soon as counsel confirmed McCluskey wanted to proceed to arbitration. "Clearly the [trial] court had jurisdiction to address this situation: it retained jurisdiction over the original suit," despite the stay of the action, as well as "jurisdiction" to ensure the parties adhered to the previous order compelling arbitration, and as a necessary corollary, it had the authority to impose section 128.7 sanctions for the filing of a frivolous amended motion to lift the stay. *(LaPrade, supra,* at p. 903).

### c.    The Motion Papers Met Statutory and Constitutional Standards

Mogan contends that, in violation of section 128.7 and the due process clauses of the federal (U.S. Cons., 14th Amend.) and state (Cal. Const., art. I, § 7) Constitutions, defendants' motion papers failed to adequately inform him that sanctions were being sought for specific conduct that violated the criteria in subdivision (b) of section 128.7.

The notice requirement governing a motion for sanctions mandates that a person "be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the

12

sanctions motion can prepare a defense. [Citation.] Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable. [Citation.]" (*Schlaifer Nance & Co. v. Estate of Warhol* (2d Cir. 1999) 194 F.3d 323, 334.)

Here, defendants' motion papers not only met the specific notice requirements of subdivision (c)(1) of section 128.7 (separate motion, description of specific conduct alleged to violate subdivision (b), and 21-day period to allow for withdrawal of amended motion to lift stay), but also met all the notice requirements of California Rules of Court, rule 3.1112(d). The notice of motion was captioned, "Defendants' Notice of Motion and Motion for Sanctions Pursuant to Cal. Civ. Proc. Code Section 128.7" and the motion identified defendants as the parties bringing the motion, named McCluskey and counsel as the parties to whom the motion was addressed, and briefly stated the basis for the motion, the pleading that was being challenged, and the relief sought. In the attached memorandum of points and authorities, defendants detailed the specific conduct of McCluskey *and her counsel* and the reasons why such conduct violated subdivision (b) of section 128.7, and made a specific request for attorney fees. Further, Mogan exercised his due process right to defend by filing a lengthy opposition and appearing for argument.

Accordingly, Mogan's claim of a violation of his statutory and constitutional rights to adequate notice and the right to defend fails.

### d. Sanctions Order Met Statutory and Constitutional Standards

Mogan contends the trial court's September 11 order violated the mandate of subdivision (e) of section 128.7 and his constitutional due

13

process notice rights. As the order specifically described Mogan's sanctionable conduct and explained the basis for the sanction imposed, we disagree.

Mogan argues that section 128.7 requires a moving party to "incur" attorney fees and, since Airbnb was the entity paying defendants' fees, defendants could not seek and be awarded sanctions. However, "the inclusion of the words 'incur' and 'attorney's fees' in section 128.7 implies an agency relationship . . . out of which the attorney expects remuneration." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 517.) On this record, the trial court could readily find that "attorney fees were 'incurred' in the sense that there was an attorney-client relationship" between defense counsel and defendants, defense counsel "performed services on behalf of" defendants, and defense counsel's "right to fees grew out of the attorney-client relationship." (*Id.* at p. 520.)

Mogan also argues that defendants gained nothing by filing an opposition to the amended motion to lift the stay and therefore did not qualify as prevailing parties as defined in section 128.7. In addition to this contention being waived as it was not raised in the trial court, it has no merit. (*Green v. City of Oceanside* (1987) 194 Cal.App.3d 212, 222 ["arguments and objections not raised and preserved in the trial court are waived on appeal"].) Although defendants had secured a stay of the action, McCluskey sought "a material alteration in the legal relationship between the parties," by moving to lift the stay and defendants prevailed when that motion was denied. (*CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission* (2016) ___ U.S. __, __ [136 S. Ct. 1642, 1651] (*CRST Van Expedited*).) Hence,

14

"[c]ommon sense undermines the notion" that defendants were not prevailing parties in opposing the amended motion to lift the stay. (*Ibid.*)

Finally, and contrary to Mogan's assertions, subdivision (e) of section 128.7 does not require a trial court to include any specific language, cite to any specific portions of section 128.7, or mention any particular facts, legal arguments, or case citations. We note that Mogan cites to inapposite cases in support of his arguments, including *West Coast Development v. Reed* (1992) 2 Cal.App.4th 693, 705 (concerning a written order granting sanctions under section 128.5 "devoid of any statement of its grounds") and *In re Yagman* (9th Cir. 1986) 796 F.2d 1165, 1182, 1184 (setting aside an award of attorney fees of $250,000.00 imposed as sanctions for bad faith conduct under Rule 11 because it was "difficult to assess the reasonableness of a lump-sum sanctions award, such as this one, which is intended to cover a myriad of misconduct over a period of time and is based upon a variety of authority," and "[t]he task becomes impossible when the amount of the lump-sum sanctions award assumes massive proportions").

## II.    Substantive Challenges

Mogan makes various arguments in support of his contention that the sanctions order must be reversed because the trial court's frivolity decision was based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." Again, we see no merit to these claims.

### A.    The Trial Court Properly Applied the Law

It well settled law that, under section 1281.4, the trial court had no jurisdiction to lift the stay and set the case for trial on the basis that

15

defendants "engaged in dilatory conduct inhibiting an arbitration." (*MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643, 661-662, citing *Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 488 (*Titan/Value Equities Group*); see also *Blake v. Ecker* (2001) 93 Cal.App.4th 728, 737 [remedy for failure to timely prosecute arbitration was in the arbitration proceeding, not through court order], disapproved on other grounds in *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107, fn. 5.].)

Further, by the time Mogan filed the request to lift the stay, AAA had already informed counsel that defendants were not in default, waiver, breach or violation of the covenant of good faith and fair dealing, and AAA was ready to proceed with the arbitration once counsel confirmed McCluskey wanted to proceed.  Consequently, if the trial court had granted the request to lift the stay, it would have interfered with AAA's decision to reopen and arbitrate the claim; such a ruling would have been " 'wholly incompatible with established policies of the law' " that preclude a trial court from intervening, and necessarily interfering with the arbitration proceeding.  (*Titan/Value Equities Group*, *supra*, 29 Cal.App.4th at p. 488, quoting *McRae v. Superior Court* (1963) 221 Cal.App.2d 166, 171.)

Mogan's reliance on isolated portions of AAA's May 1 and May 9 emails – reading them as confirmation that AAA considered the arbitration closed and would not be reopened due to defendants' nonpayment of fees – strains credulity.  No reasonable attorney could conclude, as Mogan contends, that AAA had determined the case would not be reopened due to *defendants' conduct*.  Instead, the only reasonable view of those emails is that despite the payment issue, if

16

any, AAA did not consider the case finally closed and would reopen it as soon as counsel confirmed McCluskey wanted to proceed to arbitration. In brief, and as the trial court correctly found, the matter did not proceed to arbitration *solely due to the failure of Mogan to confirm that McCluskey wanted to proceed to arbitration* and there was no legal support for McCluskey's request to lift the stay.

A. **The Trial Court Properly Assessed the Evidence**

Mogan misconstrues our limited authority to review the factual underpinning of the sanctions order. We presume the trial court " 'found every fact necessary to support its order that the evidence would justify. So far as it passed on the weight of evidence or the credibility of witnesses, its implied findings are conclusive. This rule is equally applicable whether the evidence is oral or documentary.' " (*Griffith Co. v. San Diego College for Women* (1955) 45 Cal.2d 501, 507-508.) Mogan's "elaborate factual presentation" in his briefs "is but an attempt to reargue on appeal those factual issues decided adversely to [him] at the trial level, contrary to established precepts of appellate review. As such, it is doomed to fail." (*Hasson v. Ford Motor Co.* (1982) 32 Cal.3d 388, 398-399.)

Mogan argues the assessment of the evidence is called into question because the trial court (a) did not consider evidentiary objections to defense counsel's statement that Airbnb made a timely payment of the fee on behalf of defendants, and (b) denied a request for discovery as to the actual date that AAA received the fee sent by Airbnb on behalf of defendants. These arguments are premised on the incorrect assumption that the frivolity decision was based on a finding that AAA had administratively closed the case due to its clerical error.

17

The order is clear that the trial court's frivolity decision was based on its further findings that by May 1, and again on May 9, AAA informed counsel the arbitration case would be reopened as soon as counsel confirmed intent to proceed – and counsel failed to respond. Consequently, the trial court's additional finding that it was AAA's clerical error that had caused the administrative closing of the case became immaterial. And, more importantly, rendered moot any objections to the evidence submitted by defendants or the request for discovery directed at when AAA had actually received Airbnb's payment of the fee on behalf of defendants. Accordingly, we have no problem concluding it is not probable that a different outcome would have resulted in the absence of those purported errors. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56-57 [admission of evidence, over objection, is subject to harmless error analysis]; see *People v. Elder* (2017) 11 Cal.App.5th 123, 133 [denial of motion to compel discovery is subject to harmless error analysis].)

## III. Award of Attorney Fees

The trial court employed the lodestar approach and awarded $22,159.50 in attorney fees by multiplying the reasonable hourly rate by the number of hours reasonably expended by defense counsel in preparing the opposition to the motion to lift the stay. The awarded sum was supported by a declaration of lead defense counsel, redacted billing statements[9], and a spreadsheet that organized the information

---

[9] The billing statements had been redacted to mask privileged attorney-client communications and attorney work product, and had been redacted to reflect only time that was incurred in preparing, in pertinent part, the opposition to the July 1 motion, that was a direct result of that motion, and as part of counsel's review and approval of

in the billing invoices by date, time (10 minute intervals), specific tasks, and the hourly rates of the attorneys and paralegal who performed the tasks.  The trial court did not rule on Mogan's request for discovery of information to challenge the reasonableness of defendants' requested attorney fees, or the evidentiary objections to the declaration of lead defense counsel, billing invoices, and the spreadsheet.

On appeal, Mogan makes various arguments challenging the award of attorney fees, including that the trial court failed to grant discovery, none of which require reversal under the applicable abuse of discretion standard.  (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1096 (*PLCM Group*) [award of attorney fees reviewed for abuse of discretion]; *Kleitman v. Superior Court* (1999) 74 Cal.App.4th 324, 330 [discovery order reviewed for abuse of discretion].)

Mogan's arguments ignore well settled law that "[w]hen the [trial] court is informed of the extent and nature of [legal] services, its own experience furnishes it with every element necessary to fix their value" (*Spencer v. Collins* (1909) 156 Cal. 298, 307), "even in the absence of specific evidence on the subject" (*Howard v. Howard* (1956) 141 Cal.App.2d 233, 238; see *PLCM Group, supra,* 22 Cal.4th at p. 1096 [" '[t]he value of legal services performed in a case is a matter in which the trial court has its own expertise' "]).  The trial court was also "in the best position to determine the reasonableness of the hourly rate of an attorney appearing before the court and the value of the attorney's professional services." (*Cordero-Sacks v. Housing Authority of City of*

---

billing statements before sending them for payment, counsel "eliminate[d] unnecessary, duplicative, and excessive time."

19

*Los Angeles* (2011) 200 Cal.App.4th 1267, 1286; see *PLCM Group*, *supra*, at p. 1096 [trial court did not err in calculating attorney fees based on the "number of hours expended by counsel multiplied by the prevailing market rate for comparable legal services in San Francisco, where counsel is located"].)

Additionally, as the trier of fact, the trial court was free to accept defense counsel's declaration, and the attached billing invoices and spreadsheet, as sufficient evidence of reasonable attorney fees incurred in opposing the amended motion to lift the stay. (*G.R. v. Intelligator* (2010) 185 Cal.App.4th 606, 620 [trial court may accept declaration of defendant's attorney "as sufficient proof of . . . time spent"].) Given the evidence already submitted on the issue, and its own expertise, the trial court could properly conclude there was no need for further information (discovery) on the issue of the amount of monetary sanctions to be awarded under subdivision (d) of section 128.7. (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1046-1047 ["we will disturb the trial court's decision only if no judge could have reasonably made the challenged decision"].)

Our decision is not altered by Mogan's assertion that sanctions in the amount of $22,159.50 were not necessary for deterrence. Section 128.7 does not require the trial court to expressly state that sanctions are necessary for effective deterrence and, in any event, the trial court limited the sanctions to reasonable attorney fees for opposing the amended motion to lift the stay which was filed in direct violation of subdivision (b) of section 128.7. Nor do we see any merit to Mogan's argument that sanctions are not sustainable because the trial court did not expressly find he acted in bad faith. (*Peake*, *supra*, 227 Cal.App.4th

20

at p. 449 ["when establishing a claim is factually or legally without merit under . . . section 128.7, it is not necessary to show the party acted with . . . subjective bad faith"].)

## IV. Defendants' Motion for Monetary Sanctions on Appeal

Defendants have filed a motion for sanctions against both appellants for the filing of a frivolous appeal.  Section 907 provides that "[w]hen it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."  Similarly, California Rules of Court, rule 8.276(a), provides that an appellate court has the authority to "impose sanctions . . . on a party or an attorney for: [¶] Taking a frivolous appeal or appealing solely to cause delay. . . ."

The instant appeal comes right up to the line of sanctionable conduct as close to all of arguments offered by Mogan – 19 issues presented in question form – "are not supported by a careful reading of the record or the law nor could these arguments be reasonably characterized as presenting unique issues or arguing for extension, modification, or reversal of existing law.  [Citation.]" (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 557.)  By forcing us to examine those myriad arguments before rejecting them as having no factual or relevant legal support, Mogan has caused a "useless diversion of this court's attention" from "[o]ther appellate parties, many of whom wait years for a resolution of bona fide disputes." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 17.)

Nonetheless, our Supreme Court has advised us that we should hold that an appeal is "frivolous only when it is prosecuted for an improper motive – to harass the respondent or delay the effect of an

21

adverse judgment – or when it indisputedly has no merit – when any reasonable attorney would agree that the appeal is totally and completely without merit.  [Citation.] [¶] . . .  [T]he punishment should be used most sparingly to deter only the most egregious conduct." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651.)  Here we cannot conclude that Mogan's appeal is so totally and completely without all arguable merit as to justify an award of sanctions under those demanding requirements.

## DISPOSITION

The appeal by plaintiff Veronica McCluskey is dismissed.  The September 11, 2019 sanctions order is affirmed.  Defendants are awarded costs on appeal.

Defendants' motion for sanctions is denied.

_____
Petrou, J.


WE CONCUR:


_____
Siggins, P.J.


_____
Jackson, J.


*A158851/McCluskey v. Henry et al.*


23

Trial Court:      San Francisco County Superior Court

Trial Judge:      Hon. Ethan P. Schulman

Counsel:          Sacks, Ricketts & Case, Michael Floyd and
                  Jacqueline Young for Defendants and Respondents.

                  Law Office of Michael Mogan, Michael Mogan, for
                  Plaintiff and Appellant.

                  Law Office of Michael Mogan, Michael Mogan, for
                  Objector and Appellant.